OPINION
{¶ 1} Appellant, Bethel Village Condominium Association, appeals from the judgment of the trial court below dismissing appellant's action for declaratory judgment and damages against appellee, Republic-Franklin Insurance Co. At issue is certain language contained in the contract of insurance between the parties.
 {¶ 2} On April 20, 2003, appellant's property was damaged in a hailstorm. Appellant filed a claim for hail damage and over a period of months, appellee made indemnity payments of $951,386.55 plus expense payments of $13,247.17. Eventually, the parties disagreed on whether the repairs to the roof of the property required the installation of ice guards. Appellee refused to pay the cost of adding ice guards that were not part of the original roof. Appellee communicated the decision to deny coverage in a certified letter sent to appellant on February 5, 2004.
 {¶ 3} On February 6, 2006, appellant filed a complaint for declaratory judgment which sought a declaration that appellant was entitled to coverage under the policy of casualty insurance written by appellee. Appellant also sought damages for breach of contract for denial of coverage in bad faith.
 {¶ 4} Appellee filed an answer and moved to dismiss under Civ.R. 12(B)(6) on the ground that the complaint failed to state a claim upon which relief could be granted. Appellee based the motion on the fact that appellant had failed to file its complaint within two years of the date of the loss as provided by Section V(D) of the policy.[1] The trial court granted the motion to dismiss. This appeal followed.
 {¶ 5} Appellant raises the following assignment of error:
 ASSIGNMENT OF ERROR NO. 1 — The trial court erred in granting Defendant-Appellee's Motion to Dismiss because Appellee's insurance policy limitation for the time in which to bring an action is ambiguous and must, therefore, be construed in favor of its insured.
 {¶ 6} We first address a procedural issue. In order for a trial court to grant a motion to dismiss for failure to state a claim upon which relief may be granted under Civ.R. 12(B)(6), "it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." O'Brien v. University Community TenantsUnion (1975), 42 Ohio St.2d 242, syllabus. When a motion to dismiss for failure to state a claim upon which relief may be granted presents matters outside the record and those matters are not excluded by the trial court, the motion "shall be treated as a motion for summary judgment and disposed of as provided in Rule 56." Civ.R. 12(B). When a motion to dismiss is converted to a motion for summary judgment, the trial court must notify the parties and give them the opportunity to present such evidence as is authorized under Civ.R. 56(C). Failure to provide notice to the parties is reversible error. State ex rel. Baranv. Fuerst (1990), 55 Ohio St.3d 94, 97. See, also, Powell v. Vorys,Sater, Seymour Pease (1998), 131 Ohio App.3d 681, 684-685. Whether or not the trial court expressly states in its decision, when a court considers matters outside the pleadings, it is converting a Civ.R. 12(B)(6) motion to dismiss to a Civ.R. 56 motion for summary judgment and must notify the parties. Baran, supra.
 {¶ 7} The trial court granted appellee's motion to dismiss. In doing so, the trial court relied upon an affidavit attached to the motion that provided the dates that were pertinent to the motion because those dates were not set out in the complaint. Thus, the trial court effectively converted the motion to dismiss to a motion for summary judgment and was required to notify the parties of the conversion. Appellant was aware that the motion to dismiss should be converted to one for summary judgment and pointed that out in its memorandum opposing appellee's motion to dismiss. However, the trial court failed to do so in this case.
 {¶ 8} While failure to convert a motion to dismiss to a motion for summary judgment and notify the parties of the conversion is reversible error, neither appellant nor appellee has raised the trial court's failure to comply with the requirements of the rule as error on appeal. Ordinarily, with the notable exception of non-waivable subject matter jurisdiction, the failure to assign as error matter that occurred in the trial court waives the error on appeal. We see no reason why the ordinary prudential doctrine of waiver should not apply in this case. Moreover, resolution of the sole issue raised on appeal involves a question of law rather than whether there was a genuine issue of material fact before the trial court.[2] Thus, a remand to provide the required notice of conversion to summary judgment would be a waste of judicial resources. We will proceed to the merits of the appeal.
 {¶ 9} Review of summary judgment is de novo. An appellate court applies the same standard as applied by the trial court. Maust v. BankOne Columbus, N.A. (1992), 83 Ohio App.3d 103, 107. Review is independent and without deference to the trial court's determination.Brown v. Scioto Cty. Bd. of Commrs. (1993), 87 Ohio App.3d 704, 711.
 {¶ 10} As noted, because the facts are not in dispute, resolution of this appeal becomes purely a question of law and depends on the interpretation of the terms of the insurance contract between the parties. We first note that courts should not resort to interpretation where no interpretation is necessary:
 "The first general maxim of interpretation * * * is, that it is not allowable to interpret what has no need of interpretation." Lawler v. Burt (1857), 7 Ohio St. 340, 350. If a term is clear and unambiguous, "* * * this court cannot in effect create a new contract by finding an intent not expressed in the clear language employed by the parties." Alexander v. Buckeye Pipe Line Co. (1978), 53 Ohio St.2d 241, 246
* * *. In the absence of ambiguity, therefore, the terms of the policy must simply be applied " ` * * * according to its terms without engaging in construction * * *.'" Hartford Ins. Co. v. Occidental Fire Cas. Co. (C.A.7, 1990), 908 F.2d 235, 238, quoting Arkwright-Boston Mfrs. v. Wausau Paper Mills Co. (C.A.7, 1987), 818 F.2d 591, 594.
Santana v. Auto Owners Ins. Co. (1993), 91 Ohio App.3d 490, 494.
 {¶ 11} The first step is to determine whether the language of the insurance contract between the parties is ambiguous. If there is no ambiguity, there is no need for interpretation. Appellant contends that the trial court erred in granting appellee's motion to dismiss as converted to a motion for summary judgment. Appellant reasons that the language of the contract, which limited the time in which the insured must file an action against the insurer, is ambiguous and, therefore, must be construed in favor of the insured.
 {¶ 12} The test for whether language in an insurance policy is ambiguous is whether the language is "reasonably susceptible of more than one interpretation." King v. Nationwide Ins. Co. (1988),35 Ohio St.3d 208, syllabus. Generally, in making the determination of whether language is ambiguous, courts must give words and phrases their plain, ordinary, natural or commonly accepted meaning. Gomolka v. State Auto.Mut. Ins. Co. (1982), 70 Ohio St.2d 166, 167-168. Where the language in an insurance policy is ambiguous, it will be liberally construed in favor of the insured and strictly against the insurer that drafted the policy. Derr v. Westfield Cos. (1992), 63 Ohio St.3d 537, 542.
 {¶ 13} Section V, page ten of the policy in question is captioned: "Property Conditions Section," and provides as follows:
 D. Legal Action Against Us
 No one may bring a legal action against us under this Coverage Part unless:
 1. There has been full compliance with all of the terms of this Coverage Part; and
 2. The action is brought within 2 years after the date on which the direct physical loss or damage occurred.
The language at issue is the phrase: "direct physical loss or damage."
 {¶ 14} Appellant's property suffered hail damage on April 20, 2003. Appellee argues the plain wording of the policy language required that any legal action against appellee be filed within two years of the hail damage or by April 20, 2005. Appellant filed the within action on February 6, 2006, some nine and one-half months after expiration of the two-year period following the hailstorm.
 {¶ 15} Neither "direct physical loss" nor "damage" is defined in the policy. To overcome the two-year contractual limitation on bringing suit against the insurer, appellant maintains that the clause, "direct physical loss or damage" is ambiguous; that damage must mean something other than direct physical loss. Appellant reasons that the damage in this case occurred when appellee notified appellant that it would not pay for the installation of ice guards. Because appellant filed suit against appellee within two years after notice that coverage was denied, appellant believes the action was timely.
 {¶ 16} As noted above, courts generally give words and phrases of an insurance contract their plain, ordinary, natural or commonly accepted meaning. Gomolka, at 167-168. The test for whether language contained in an insurance policy is ambiguous is whether the language is "reasonably susceptible of more than one interpretation." King, syllabus. It is noteworthy that the Supreme Court of Ohio employed the phrase "reasonably susceptible" rather than just susceptible of more than one interpretation. Thus, before language may be found ambiguous, a court must find that more than one reasonable interpretation of the language exits.
 {¶ 17} In the contract, the words "direct physical loss" and "damage" are joined by the conjunction "or." The conjunction "or" may introduce any number of alternatives or may introduce a synonym or explanation of a previous word. The Concise Oxford Dictionary, (8 Ed. 1990) Clarendon Press — Oxford. Thus, in the abstract, it might be said that the use of "or" could mean that "direct physical loss" and "damage" are alternatives; two different meanings, or it could mean that the conjunction "or" simply introduces a synonym and, therefore, "direct physical loss" and "damage" are interchangeable.
 {¶ 18} Appellant's interpretation tracks the disjunctive application of the conjunction "or." According to appellant, "damage" must mean something other than "direct physical loss" and in this case, means the denial of coverage under the contract. The question is whether this interpretation is a "reasonable" one. King, supra. We conclude that it is not.
 {¶ 19} The stated purpose of the contract between the parties was that appellee would insure appellant against casualty loss or damage to property consisting of 109 two-story buildings housing 452 residential units, and a clubhouse. The Property Direct Coverages Declarations page states that appellee provided coverage for "direct physical loss of or damage to `covered property.'" Insurance contracts regularly insure against both total loss and damage to a portion of property. Appellant's interpretation of the language in question would mean that appellee agreed to insure appellant against casualty loss to the property and also against appellee's own decision to deny coverage for casualty loss. That is not a reasonable interpretation of the language of the contract. Hence, appellant's interpretation does not meet the test ofKing, and the language of the contract is not ambiguous.
 {¶ 20} Under the plain wording of the contract between the parties, appellant was required to file suit against appellee within two years following the hailstorm damage that occurred on April 20, 2003. Appellant was notified of the denial of further coverage for ice guards on February 6, 2004, over eight months before the two-year limitation expired. Appellant had eight months to file suit before the time expired. There is no indication that appellee's actions constituted a waiver of the two-year provision such to extend the deadline. Because appellant did not file the action within the time provided by the contract, the trial court did not commit error in granting appellee's motion to dismiss as converted to a motion for summary judgment.
 {¶ 21} The assignment of error is overruled and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
[1] Parties to an insurance contract may include a provision in the contract that suit against the insurer must be filed within a period of time less than the applicable statute of limitations. The time within which to sue must be reasonable. Appel v. Cooper Ins. Co. (1907),76 Ohio St. 52; Miller v. Progressive Cas. Ins. Co. (1994),69 Ohio St.3d 619. The reasonableness of the contractual provision requiring suit to be brought within two years of the loss is not questioned in this case. Only the interpretation of the language of the limiting provision is at issue.
[2] Technically, an affidavit was necessary to provide the relevant dates to enable the trial court to determine the converted motion for summary judgment. However, neither party disputes the relevant dates and therefore, there is no genuine issue of material fact. The only question is whether appellee was entitled to judgment as a matter of law under the terms of the contract.
PETREE, concurs. KLATT, J., dissents.