OPINION *Page 2 
{¶ 1} Plaintiffs-appellants Cheryl and Robert Eichler (the Eichlers) appeal the decision of the Columbiana County Common Pleas Court granting summary judgment for defendant-appellee Metal Wire Products Co. (MW). The sole issue raised in this appeal is whether the current version of R.C. 2305.19, commonly known as the savings statute, permits a plaintiff to refile a cause of action more than once. For the reasons stated below, the judgment of the trial court is affirmed.
 STATEMENT OF CASE {¶ 2} Robert Eichler was injured while operating a punch press at MW on February 9, 2001. As a result of his injury, the Eichlers filed an employer intentional tort cause of action against MW on February 7, 2003. That case was assigned case number 03CV116. On June 25, 2004, they voluntarily dismissed the action pursuant to Civ. R. 41(A)(1). The Eichlers then refiled the complaint on June 27, 2005, which was assigned case number 05CV646.[1] On January 11, 2006, that case was dismissed without prejudice by the trial court for failure of service. The Eichlers then once again refiled the employer intentional tort complaint on January 11, 2007, which was assigned case number 07CV39 (underlying complaint to this appeal).
 {¶ 3} In the 07CV39 complaint, the Eichlers acknowledged that this was the third time they filed a complaint alleging the same claims against MW. They also acknowledged that it was the second time they filed it under the savings statute.
 {¶ 4} MW answered the complaint and asserted as a defense that the claims were barred by the statute of limitations. Thereafter, on March 5, 2007, MW filed a motion for summary judgment asserting that the statute of limitations had expired and the savings statute was not applicable in this case because the savings statute does not permit a plaintiff to refile a cause of action more than once. The Eichlers opposed the motion and argued that while the prior version of the savings statute did not permit *Page 3 
a plaintiff to refile a cause of action more than once, the current version does not limit the number of times a plaintiff can refile a cause of action under it.
 {¶ 5} After reviewing the motions, the trial court granted summary judgment in favor of MW, finding that the savings statute was inapplicable. It explained:
 {¶ 6} "Nothing in the revision of the savings statute, R.C. 2309.19
modify [sic] prior case law holding that the savings statute may only be used once. If the legislature determined to do that it could have clearly said how many opportunities a party had to use the statute." 04/05/07 J.E.
 ASSIGNMENT OF ERROR {¶ 7} "THE TRIAL COURT ERRED BY GRANTING DEFENDANT-APPELLEE'S MOTION FOR SUMMARY JUDGMENT (4/05/07 JUDGMENT ENTRY)."
 {¶ 8} An appellate court reviews a trial court's decision on a motion for summary judgment de novo. Bonacorsi v. Wheeling Lake Erie Ry.Co., 95 Ohio St.3d 314, 2002-Ohio-2220, ¶ 24. Summary judgment is properly granted when: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made. Harless v. Willis Day Warehousing Co. (1978),54 Ohio St.2d 64, 66; Civ. R. 56(C).
 {¶ 9} The statute of limitations for employer intentional tort is two years. R.C. 2305.10; Funk v. Rent-All Mart, Inc. (2001),91 Ohio St.3d 78, 80, 2001-Ohio-270. Thus, the Eichlers had two years from the date of the injury, February 9, 2001, to file their cause of action. The original complaint filed on February 7, 2003 was filed within the statute of limitations. However, that cause of action was voluntarily dismissed pursuant to Civ. R. 41(A)(1) on June 25, 2004. On June 27, 2005, the Eichlers refiled the complaint. Although it was filed outside the statute of limitations, it was still timely pursuant to the savings statute since it was filed within one year after the date of the dismissal. The refiled complaint was dismissed for failure of service on January 11, 2006. The Eichlers have now tried to file another complaint within one year after the date of the January 11, 2006 dismissal. They claim that it is timely pursuant to the savings statute. We are asked to determine whether the current version of the savings *Page 4 
statute permits this last attempt. Or in other words, does the savings statute permit a complainant to refile a complaint that has previously been refiled once under the savings statute.
 {¶ 10} Obviously at the heart of this analysis is the savings statute. The Ohio Supreme Court has held that the prior version of the savings statute, which was in effect until May 31, 2004, could be used only once to refile a case. Thomas v. Freeman, 79 Ohio St.3d 221, 227,1997-Ohio-395, citing Hancock v. Kroger Co. (1995), 103 Ohio App.3d 266.
 {¶ 11} However, the Eichlers argue that the current version of R.C. 2305.19, unlike its predecessor, does not limit the refilings to only one time. MW disagree and contend that the language of the savings statute was not altered in a manner that abolished the one time refiling rule.
 {¶ 12} We begin our analysis comparing the prior version of the savings statute to the current version. The prior version stated, in pertinent part:
 {¶ 13} "In an action commenced, or attempted to be commenced, if in due time a judgment for the plaintiff is reversed, or if the plaintiff fails otherwise than upon the merits, and the time limited for the commencement of such action at the date of reversal or failure has expired, the plaintiff, or, if he dies and the cause of action survives, his representatives may commence a new action within one year after such date." R.C. 2305.19 (prior version).
 {¶ 14} The current version of the savings statute states, in pertinent part:
 {¶ 15} "In any action that is commenced or attempted to be commenced, if in due time a judgment for the plaintiff is reversed or if the plaintiff fails otherwise than upon the merits, the plaintiff or, if the plaintiff dies and the cause of action survives, the plaintiff's representative may commence a new action within one year after the date of the reversal of the judgment or the plaintiff's failure otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later." R.C. 2305.19(A).
 {¶ 16} In arguing that that the current version, which was in effect at the time of the filing of the third complaint, allows more than one refiling, the Eichlers rely on the change in the first phrase of the statute from "In an action" to "In any action". *Page 5 
 {¶ 17} This same argument was made to the Sixth Appellate District in a case factually similar to the one before this court. Dargart v. OhioDepart. of Transp., 171 Ohio App.3d 439, 2006-Ohio-6179. The Sixth District found the argument unpersuasive and held that the changing of the word "an" to "any" did not change the rule that the savings statute cannot be invoked more than once for the refiling of an action. It explained:
 {¶ 18} "Prior to the amendment of R.C. 2305.19, the Ohio Supreme Court held that the savings statute may be used only once to refile a case.Thomas v. Freeman (1997), 79 Ohio St.3d 221, 227; citing Hancock v.Kroger Co. (1995), 103 Ohio App.3d 266. * * * The savings statute cannot be used to keep actions alive indefinitely. Romine v. Ohio State Hwy.Patrol (2000), 136 Ohio App.3d 650, 654. To allow a plaintiff to use R.C. 2305.19 more than once would `frustrate the purpose of the civil rules which are intended to prevent indefinite filings.' Hancock v.Kroger Co., 103 Ohio App.3d at 269.
 {¶ 19} "Despite the broadening language in the amendment of R.C. 2305.19, we are of the opinion that the legislature did not intend to obviate the foregoing precept by allowing endless filings of the same case so long as they were within one year of a dismissal otherwise than upon the merits. * * * We thus conclude that because appellant employed the savings statute once to refile his lawsuit in the Court of Claims, he cannot use the savings statute to bring the same cause of action a third time." Id. at ¶ 20-22.
 {¶ 20} The Eichlers argue that this case is not binding and it was wrongly decided. While they are correct that it is not binding, we disagree that it was wrongly decided. For the reasoning that the Sixth Appellate District provides, the changing of the word "an" to "any" in the first phrase of the statute does not change the rule of law that the savings statute can only be used once. Holding otherwise would mean that the savings statute would permit actions to be kept alive indefinitely. If that were the case, there would be no finality to decisions and, thus, the purpose of the civil rules to prevent indefinite filings would be frustrated. Hancock, 103 Ohio App.3d at 269. Consequently, this assignment of error is without merit. *Page 6 
 {¶ 21} For the foregoing reasons, the judgment of the trial court is hereby affirmed.
DeGenaro, P.J., concurs. Donofrio, J., concurs.
[1] The Eichlers stated that it was filed on June 25, 2005. However, June 25, 2005 was a Saturday. The docket for the case number shows that it was filed on June 27, 2005. *Page 1