[Cite as *Herbert v. Farmer*, 2014-Ohio-877.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| EDWIN HERBERT, | : | |
| Plaintiff-Appellant, | : | CASE NO. CA2013-02-016 |
| | : | O P I N I O N |
| - vs - | | 3/10/2014 |
| | : | |
| DENNIS FARMER, et al., | : | |
| Defendants-Appellees. | : | |

CIVIL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 12 CV 83297

Blake R. Maislin, Maislin Professional Center, 2260 Francis Lane, Cincinnati, Ohio 45206, for plaintiff-appellant

Raymond H. Decker, Jr., 36 East Seventh Street, Suite 2420, Cincinnati, Ohio 45202, for defendants-appellees, Dennis & Anita Farmer

**PIPER, J.**

{¶ 1} Plaintiff-appellant, Edwin Herbert, appeals from a decision of the Warren County Court of Common Pleas granting the motion to dismiss filed by defendants-appellees, Dennis and Anita Farmer. For the reasons detailed below, we affirm the decision of the trial court.

{¶ 2} On November 24, 2009, appellant sustained personal injuries while on the

Farmers' property. In his complaint originally filed on November 24, 2010, appellant named the Farmers as defendants and brought claims for negligence and negligence per se based on the Farmers' failure to remove foreign objects on the property or provide eye protection while appellant was working on the property. In addition, appellant also named Medicaid and Health Alliance of Greater Cincinnati as defendants who may assert potential subrogation claims.

{¶ 3} On December 5, 2011, appellant filed a notice of voluntary dismissal pursuant to Civ.R. 41(A) with respect to his claims against the Farmers only. Four days later, on December 9, 2011, appellant filed another notice of voluntary dismissal pursuant to Civ.R. 41(A) and dismissed the remaining subrogee defendants, Medicaid and Health Alliance.

{¶ 4} On December 10, 2012, appellant refiled the instant action pursuant to R.C. 2305.19, the Ohio savings statute, against both the Farmers and the subrogee defendants. In response, the Farmers moved to dismiss because the refiled complaint was filed more than one year after the Farmers were dismissed from the original action.[1]

{¶ 5} The trial court granted the Farmers' motion to dismiss. In so doing, the trial court determined that the one-year time limitation for appellant to refile his complaint under the savings statute began to accrue on December 5, 2011, when the Farmers were voluntarily dismissed from the action. Because appellant did not recommence the action until December 10, 2012, the trial court found the complaint to be untimely. Appellant now appeals the trial court's decision, raising one assignment of error for review:

{¶ 6} THE TRIAL COURT COMMITTED REVERSIBLE ERROR AND ABUSED ITS DISCRETION BY GRANTING THE MOTION TO DISMISS FILED [BY] DEFENDANTS

---

1. Although December 10, 2012, is more than one year after the filing of appellant's second notice of dismissal involving the subrogee defendants on December 9, 2011, neither party contends that appellant's claim is untimely on that basis alone. The trial court acknowledged that December 9, 2012 fell on a Sunday. The sole issue on appeal is whether appellant was required to refile his complaint by December 5, 2012, one year after the Farmers were dismissed from the case.

DENNIS FARMER AND ANITA FARMER.

{¶ 7} In his sole assignment of error, appellant alleges the trial court erred in granting the Farmers' motion to dismiss. Appellant argues his complaint was timely refiled because the refiled action was commenced exactly one year after the entire case was dismissed. In essence, appellant contends this action is not time-barred because the one-year period to refile did not begin to accrue on December 5, 2011, when the Farmers were dismissed from the original action. Rather, appellant alleges that the one-year period to refile did not begin to accrue until December 9, 2011, when the remaining subrogee defendants were dismissed. Accordingly, appellant maintains his refiled complaint was timely and thus, the trial court erred in granting the Farmers' motion to dismiss.

{¶ 8} Before addressing the merits of this action, we must first address a procedural matter. In order for a trial court to grant a motion to dismiss "it must appear beyond a doubt from the complaint that the plaintiff can prove no set of facts entitling him to relief." *Cincinnati v. Berretta U.S.A. Corp.*, 95 Ohio St.3d 416, 2002-Ohio-2480, ¶ 5. When construing a complaint upon a motion to dismiss, "we must presume that all factual allegations of the complaint are true and make all reasonable inferences in favor of the non-moving party." *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192 (1988). The court may only look to the complaint to determine whether the allegations are legally sufficient. *Home Builders Assn. of Dayton & Miami Valley v. Lebanon*, 12th Dist. Warren No. CA2003-12-115, 2004-Ohio-4526, ¶ 8.

{¶ 9} When a motion to dismiss presents matters outside the record and the trial court does not exclude those matters, the motion "shall be treated as a motion for summary judgment and disposed of as provided in Rule 56." Civ.R. 12(B). However, when a motion to dismiss is converted to a motion for summary judgment, the trial court is required to notify the parties and give them the opportunity to present such evidence as permitted under Civ.R.

56(C). *JNS Enterprises, Inc. v. Sturgell*, 4th Dist. Ross No. 05CA2814, 2005-Ohio-3200, ¶ 8. Failure to provide notice to the parties constitutes reversible error. *State ex rel. Baran v. Fuerst*, 55 Ohio St.3d 94, 97 (1990); *State ex rel. Boggs v. Springfield Local School Dist. Bd. Of Edn.*, 72 Ohio St.3d 94, 96 (1995).

{¶ 10} In granting the Farmers' motion to dismiss, the trial court relied on the Civ.R. 41(A) notice of voluntary dismissal appellant filed in the original action. In so doing, the trial court considered information beyond the face of the complaint. *See Charles v. Conrad*, 10th Dist. Franklin No. 05AP-410, 2005-Ohio-6106, ¶ 30. Therefore, the trial court effectively converted the Farmers' motion to dismiss into a motion for summary judgment and was required to notify the parties of the conversion. *See Bethel Village Condominium Assn. v. Republic-Franklin Ins. Co.*, 10th Dist. Franklin No. 06AP-691, 2007-Ohio-546, ¶ 7.

{¶ 11} Although the failure to convert a motion to dismiss to a motion for summary judgment and notify the parties may constitute reversible error, neither appellant nor the Farmers have raised the trial court's failure to comply with the requirements of the rule as error on appeal. We also note the parties did not raise this issue with the trial court in their pleadings on the pending motion to dismiss. Instead, both parties contested the merits of the argument involving the applicable limitations period under the savings statute. Accordingly, that argument was waived by the parties. *Id.* at ¶ 8.

{¶ 12} Furthermore, the issue presented in this case is a question of law. *Id.* Both parties agree on the relevant dates involved in the present action and concede those dates in their pleadings and briefs. The only issue remaining is whether the one-year period to refile the complaint under the savings statute began to run on December 5, 2011, when the Farmers were dismissed from the action, or whether the one-year period began to run on December 9, 2011, when the subrogee defendants were dismissed. Accordingly, "[a] remand to provide the required notice of conversion to summary judgment would be a waste

of judicial resources." *Id.* Therefore, we will address the merits of the appeal.

**{¶ 13}** A trial court's decision granting summary judgment is reviewed de novo, which means that we review the trial court's judgment independently and without deference to its determinations. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996); *BAC Home Loans Servicing, L.P.*, *v. Hall*, 12th Dist. Warren No. CA2009-10-135, 2010-Ohio-3472, ¶ 11. As such, we utilize the same standard in our review that the trial court should have employed. *Hehman v. Maxim Crane Works*, 12th Dist. Butler No. CA2010-01-009, 2010-Ohio-3562, ¶ 6. Summary judgment is properly granted only in cases where "(1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor." *Whitaker Advantage RN*, *L.L.C.*, 12th Dist. Butler No. CA2012-04-082, 2012-Ohio-5959, ¶ 16, quoting *Zivich v. Mentor Soccer Club*, *Inc.*, 82 Ohio St.3d 367, 368 (1998).

**{¶ 14}** Pursuant to R.C. 2305.19, the Ohio savings statute, a plaintiff has a limited period of time to refile a dismissed action that would otherwise be barred by operation of the statute of limitations. *Int'l. Periodical Distrib. v. Bizmart, Inc.*, 95 Ohio St. 3d 452, 2002-Ohio-2488, ¶ 7. In pertinent part, R.C. 2305.19(A) provides "[i]n any action that is commenced or attempted to be commenced, if in due time * * * the plaintiff fails otherwise than upon the merits, the plaintiff * * * may commence a new action within one year after * * * the plaintiff's failure otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later." *Hembree v. Mendenhall*, 12th Dist. Butler No. CA2006-06-129, 2007-Ohio-459, at ¶ 7. Thus, in order to employ the savings statute, a plaintiff must satisfy two elements: "(1) commencement of an action before the statute of limitations has expired, and (2) failure otherwise than upon the merits after the statute of limitations has expired." *Boggs v. Baum*, 10th Dist. Franklin No. 10AP-864, 2011-Ohio-2489, ¶ 30; *Eichler*

- 5 -

*v. Metal & Wire Products Co.*, 7th Dist. Columbiana No. 07CO14, 2008-Ohio-3095, ¶ 18.

{¶ 15} The present case involves appellant's attempt to refile a complaint under the savings statute following a Civ.R. 41(A) voluntary dismissal of the defendants. It is well-established that a voluntary dismissal by a plaintiff under Civ.R. 41(A) constitutes a failure otherwise than upon the merits within the meaning of R.C. 2305.19. *Hembree* at ¶ 7; *Frysinger v. Leech*, 32 Ohio St.3d 38 (1987), paragraph two of the syllabus. A notice of voluntary dismissal is "self-executing and completely terminates the possibility of further action on the merits of the case upon its mere filing, without the necessity of court intervention." *State ex rel. Fifth Third Mtge. Co. v. Russo*, 129 Ohio St.3d 250, 2011-Ohio-3177, ¶ 17; *Holschuh* at ¶ 14.

{¶ 16} Although this court has previously recognized R.C. 2305.19 is a remedial statute and is to be given a liberal construction, we also acknowledge the savings statute cannot be used to keep actions alive indefinitely. *Eichler* at ¶ 18; *Hembree* at ¶ 8. Furthermore, "[t]he language of the statute does not * * * reasonably imply a party may refile an action outside of the one-year saving window." *Holschuh v. Newcomb*, 11th Dist. Trumbull No. 2010-T-0129, 2011-Ohio-6205, ¶ 14.

{¶ 17} As previously noted, the parties in the present action agree that appellant voluntarily dismissed the Farmers from the original action on December 5, 2011, but did not dismiss the remaining subrogee defendants until December 9, 2011. As a result, appellant contends that the case did not "fail otherwise upon the merits" until the remaining subrogee defendants were dismissed from the case. Appellant argues that the savings statute was designed to "save the lawsuit as a whole" and was "not designed to be applied to piecemeal dismissals of part of a lawsuit."

{¶ 18} In support of his claim, appellant cites to the Fifth District Court of Appeals decision in *McGowan v. Family Med., Inc.*, 5th Dist. Stark No. 2001CA00385, 2002-Ohio-

4071. In *McGowan*, a plaintiff filed a complaint containing both a claim for medical malpractice, subject to a one-year statute of limitations, and a claim for wrongful death, subject to a two-year statute of limitations. *Id.* at ¶ 19. After the statute of limitations period for the medical malpractice action had run, the plaintiff voluntarily dismissed her first complaint, pursuant to Civ.R. 41(A), and then refiled her complaint the same day. *Id.* at ¶ 20. Subsequently, and after the statute of limitations on the wrongful death complaint ran, the trial court dismissed the plaintiff's second complaint, pursuant to Civ.R. 41(B), for failure to prosecute. *Id.* at ¶ 4. After the plaintiff filed her complaint a third time, the trial court entered summary judgment in favor of the defendants, finding the savings statute inapplicable and concluding that the plaintiff's claims were time-barred. *Id.*

{¶ 19} On appeal, plaintiff argued her third complaint was proper because the savings statute applied only to the medical malpractice claim when the complaint was refiled because it was the only claim for which the statute of limitations had run at the time of dismissal. *Id.* at ¶ 20. Since the wrongful death claim had not run at the time of the refiling of the complaint, plaintiff claimed she should be able to refile the wrongful death claim under the savings statute. *Id.* The Fifth District rejected this argument and concluded that the savings statute applies to the lawsuit as a whole, rather than to individual claims contained within the complaint. *Id.* at ¶ 22. Because plaintiff had already utilized the savings statute to refile her complaint for medical malpractice and wrongful death, the Fifth District concluded she could not again utilize the savings statute to file a third complaint for wrongful death. *Id.* As such, the court held that a plaintiff may use the savings statute only once, whether or not all claims in the refiled lawsuit require the savings statute.

{¶ 20} We find that *McGowan* does not support appellant's theory of the case. *McGowan* involved a party's attempt to utilize the savings statute multiple times, which has been consistently held to be impermissible. *Brown v. Solon Pointe at Emerald Ridge*, 8th

Dist. Cuyahoga No. 99363, 2013-Ohio-4903, ¶ 23, citing *Thomas v. Freeman*, 79 Ohio St.3d 221, 227 (1997); *Frazier v. Fairfield Med. Ctr.*, 5th Dist. Fairfield No. 08CA90, 2009-Ohio-4869, ¶ 36. Indeed, if the rule were otherwise, "a plaintiff could utilize the savings statute to keep a cause of action alive long past the time that the statute of limitations expired. This would directly contradict the Ohio Supreme Court's pronouncement that R.C. 2305.19 is neither a tolling provision nor a statute of limitations unto itself." *McGowan* at ¶ 23, quoting *Mihalcin v. Hocking College*, 4th Dist. Athens No. 99CA32, 2000 WL 303138, *4 (March 20, 2000). The present case involves a different factual scenario, whereby appellant has dismissed one defendant, but not the others, and instead disputes the date in which the one-year limitation to refile began to accrue. Furthermore, *McGowan* in no way implies that a party would be permitted to refile an action that was outside the one-year limitation period based on the facts in the case at bar. Accordingly, we find appellant's reliance on *McGowan* to be misplaced.

{¶ 21} Based on our review of the record, we find the trial court correctly determined that appellant's refiled complaint was untimely. In the case at bar, appellant commenced his negligence action on November 24, 2010, prior to the expiration of the statute of limitations, and named both the Farmers and two subrogee entities as party defendants. On December 5, 2011, appellant's complaint against the Farmers failed otherwise than upon the merits after appellant voluntarily dismissed the action pursuant to Civ.R. 41(A). *See, e.g., Holschuh*, 2011-Ohio-6205; *Selker & Furber v. Brightman*, 138 Ohio App.3d 710 (8th Dist.2000). Accordingly, appellant had until December 5, 2012 in which to refile his negligence action. *See* R.C. 2305.19. However, the undisputed evidence shows that appellant refiled this action on December 10, 2012, which was five days later than was permissible under R.C. 2305.19. Because appellant failed to refile the second case within the one-year time limitation pursuant to R.C. 2305.19, it was proper for the trial court to dismiss appellant's case. *See,*

*e.g., Eckmeyer v. Blough*, 9th Dist. Summit No. 26669, 2013-Ohio-3603; *Gruber v. Kopf Bldrs., Inc.*, 147 Ohio App.3d 305 (8th Dist.2001); *Parker v. Cleveland Public Library*, 8th Dist. Cuyahoga No. 83666, 2004-Ohio-4492.  Accordingly, the trial court did not err in disposing of appellant's case as being untimely filed.  Appellant's sole assignment of error is overruled.

{¶ 22} Judgment affirmed.

HENDRICKSON, P.J., and M. POWELL, J., concur.