[Cite as *Rarden v. Ewen*, 2016-Ohio-548.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| LONNIE RARDEN, | : | |
| Plaintiff-Appellant, | : | CASE NO.  CA2015-05-098 |
| | : | O P I N I O N |
| - vs - | | 2/16/2016 |
| | : | |
| AMANDA K. EWEN, | : | |
| Defendant-Appellee. | : | |


CIVIL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CV2014 12 3263


Lonnie Rarden, #A547085, Madison Correctional Institution, P.O. Box 740, London, Ohio 43140, plaintiff-appellant, pro se

Amanda K. Ewen, 350 Warr Lane, Hamilton, Ohio 45013, defendant-appellee, pro se


**HENDRICKSON, J.**

{¶ 1}   Plaintiff-appellant, Lonnie Rarden, appeals from a decision of the Butler County Court of Common Pleas dismissing his complaint for defamation on the basis of res judicata. For the reasons set forth below, we reverse and remand.

{¶ 2}   In 2013, in Butler County Court of Common Pleas Case No. CV 2013 08 2405, Rarden filed a defamation complaint against defendant-appellee, Amanda K. Ewen.  Ewen filed a motion to dismiss the complaint for failure to state a claim under Civ.R. 12(B)(6), and

the motion to dismiss was granted in November 2013. Rarden appealed the trial court's decision to this court, and we dismissed his appeal due to his failure to pay the required filing fees. *Rarden v. Ewen*, 12th Dist. Butler No. CA2013-12-230 (Mar. 18, 2014) (Entry of Dismissal). Nearly a year after Ewen's motion to dismiss had been granted and Rarden's appeal of that decision dismissed, Rarden filed a motion to "voluntarily dismiss" Case No. CV 2013 08 2405 with the trial court.

{¶ 3} On December 29, 2014, Rarden filed a complaint in Butler County Court of Common Pleas Case No. CV 2014 12 3263. This complaint was identical to the complaint filed in Case No. CV 2013 08 2405. Ewen, pro se, responded to the complaint by filing a letter with the court on January 20, 2015, asking the court to dismiss the 2014 case because the case had already been decided by virtue of the court's dismissal in the 2013 case. Attached to Ewen's letter were court documents pertaining to the 2013 case. Ewen subsequently filed a Civ.R. 12(B)(6) motion to dismiss in the action. Rarden filed a memorandum in opposition to Ewen's motion to dismiss, arguing he set forth sufficient facts to proceed on his defamation claim. He also argued that refiling of his complaint was proper since he "voluntarily dismissed" his cause of action in the 2013 case.

{¶ 4} After considering the parties' briefs on the issue, the trial court granted Ewen's motion to dismiss on the basis that Rarden's claims were barred by the doctrine of res judicata. The court found that a decision on the merits of Rarden's complaint had already been issued in Case No. CV 2013 08 2405, and that such decision served as a bar to any subsequent action on the same claim between the parties.[1]

{¶ 5} Rarden timely appealed the trial court's decision, raising the following

---

1. In concluding that res judicata barred appellant's present lawsuit, it was necessary for the trial court to consider evidence outside the four corners of the complaint. In doing so, the trial court, in essence, converted Ewen's motion to dismiss into a motion for summary judgment.

assignment of error:

{¶ 6} THE TRIAL COURT ERRORED [SIC] GRANTING APPELLEE/DEFENDANT'S MOTION TO DISMISS PURSUANT TO CIVIL RULE 12(B)(6) ON THE GROUNDS OF RES JUDICATA.

{¶ 7} In his sole assignment of error, Rarden argues the trial court erred in granting Ewen's motion to dismiss because res judicata cannot be raised by a motion to dismiss under Civ.R. 12(B). He further contends the court erred when it granted Ewen's motion because the court relied on evidence outside of the complaint.

{¶ 8} "A motion to dismiss for failure to state a claim upon which relief can be granted * * * tests the sufficiency of the complaint." *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548 (1992). A motion made pursuant to Civ.R. 12(B)(6) only determines whether the pleader's allegations set forth an actionable claim. *Pyle v. Ledex, Inc.*, 49 Ohio App.3d 139, 143 (12th Dist.1988). "A court may not use the motion to summarily review the merits of the cause of action." *Home Builders Assn. of Dayton & Miami Valley v. Lebanon*, 12th Dist. Warren No. CA2003-12-115, 2004-Ohio-4526, ¶ 8.

{¶ 9} "In order for a complaint to be dismissed under Civ.R. 12(B)(6) * * * it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to relief." *Cincinnati v. Berretta U.S.A. Corp.*, 95 Ohio St.3d 416, 2002-Ohio-2480, ¶ 5. "In construing a complaint upon a motion to dismiss for failure to state a claim, we must presume that all factual allegations of the complaint are true and make all reasonable inferences in favor of the non-moving party." *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192 (1988). The court may look only to the complaint to determine whether the allegations are legally sufficient to state a claim. *Home Builders Assn.* at ¶ 8. "[A]s long as there is a set of facts, consistent with the plaintiff's complaint, which would allow the plaintiff to recover, the court may not grant a defendant's motion to dismiss." *York v. Ohio State Hwy. Patrol*, 60

Ohio St.3d 143, 145 (1991). A reviewing court conducts a de novo review of a trial court's decision on a motion to dismiss. *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, ¶ 5.

{¶ 10} In *State ex rel. Freeman v. Morris*, 62 Ohio St.3d 107, 109 (1991), the Ohio Supreme Court held that the defense of res judicata may not be raised by a motion to dismiss under Civ.R. 12(B). The court stated:

> Civ.R. 8(C) designates res judicata an affirmative defense. Civ.R. 12(B) enumerates defenses that may be raised by motion and does not mention res judicata. Accordingly, we hold that the defense of res judicata may not be raised by motion to dismiss under Civ.R. 12(B).

*Id.* The court went on to recognize that the defense of res judicata could be raised by motion for summary judgment. *Id.* However, the court in *Freeman* concluded summary judgment was not appropriate as the motion to dismiss had not been converted by the trial court into a motion for summary judgment and the documents attached to the motion were not proper Civ.R. 56(C) evidence. *Id.*

{¶ 11} This court, relying on *Freeman*, has found reversible error where a trial court granted a party's motion to dismiss under Civ.R. 12(B) on the grounds of res judicata. *See Becker v. Becker*, 12th Dist. Clermont No. CA95-01-002, 1995 WL 308505 (May 22, 1995). We have also found reversible error where the trial court, in considering evidence outside the complaint, effectively converted a Civ.R. 12(B) motion to dismiss to a Civ.R. 56 motion for summary judgment without giving proper notice to the parties of the conversion. *See Easy Tone Body Systems, Inc. v. Kornylak Corp.*, 12th Dist. Butler No. CA91-06-108, 1992 WL 75190 (Apr. 13, 1992). We stated, "a trial court must notify the parties when it converts a motion to dismiss a complaint for failing to state an actionable claim into a motion for summary judgment." *Id.* at *2, citing *Federated Dept. Stores, Inc. v. Lindley*, 30 Ohio St.3d 135 (1987), syllabus. Failure to do so, results in reversible error. *Id.*, citing *State ex rel.*

- 4 -

*Baran v. Fuerst,* 55 Ohio St.3d 94, 97 (1990).

**{¶ 12}** Having reviewed the record in this case, we conclude that the trial court erred when it granted Ewen's motion to dismiss on the basis of res judicata. We further find that even if we construe the trial court's actions as converting the motion to dismiss into a motion for summary judgment, judgment in Ewen's favor is improper as the trial court failed to give notice of such conversion to the parties.[2] Rarden's sole assignment of error is, therefore, sustained.

**{¶ 13}** Judgment reversed and the matter remanded for further proceedings consistent with this Opinion.

M. POWELL, P.J., and S. POWELL, J., concur.

---

2. Compare the present case to *Herbert v. Farmer*, 12th Dist. Warren No. CA2013-02-016, 2014-Ohio-877, ¶ 11, where we stated, "[a]lthough the failure to convert a motion to dismiss to a motion for summary judgment and notify the parties may constitute reversible error, neither appellant nor [appellees] have raised the trial court's failure to comply with the requirements of the rule as error on appeal." Unlike in *Herbert*, Rarden did raise the issue of the trial court's failure to notify the parties of its intent to convert the motion to dismiss to a motion for summary judgment on appeal.