[Cite as *Rarden v. Ewen*, 2018-Ohio-1011.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| LONNIE RARDEN, | : | |
| Plaintiff-Appellant, | : | CASE NO.  CA2017-05-064 |
| | : | O P I N I O N |
| - vs - | | 3/19/2018 |
| | : | |
| AMANDA EWEN, | : | |
| Defendant-Appellee. | : | |

CIVIL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CV13-08-2405

Lonnie Rarden, #A547-085, London Correctional Institution, P.O. Box 69, London, Ohio 43140, plaintiff-appellant, pro se

Amanda Ewen, 350 Warr Lane, Hamilton, Ohio 45013, defendant-appellee, pro se

**RINGLAND, J.**

{¶ 1}   Plaintiff-appellant, Lonnie Rarden, appeals from a decision of the Butler County Court of Common Pleas denying his motion to vacate a void judgment.  For the reasons detailed below, we affirm.

{¶ 2}   On April 15, 2013, in Butler County Court of Common Pleas Case No. CV 2013 08 2405 ("*Rarden I*"), Rarden filed a defamation complaint against defendant-appellee, Amanda Ewen.  Ewen filed a motion to dismiss the complaint for failure to state a claim

under Civ.R. 12(B), which the trial court granted in November 2013. Rarden subsequently appealed the trial court's decision to this court, which we dismissed due to his failure to pay the required filing fees. *Rarden v. Ewen*, 12th Dist. Butler No. CA2013-12-230 (Mar. 18, 2014) (Entry of Dismissal).

{¶ 3} On December 29, 2014, Rarden filed a nearly identical complaint against Ewen in Butler County Court of Common Pleas Case No. CV 2014 12 3263 ("*Rarden II*"). The trial court thereafter granted Ewen's Civ.R. 12(B) motion to dismiss upon finding that Rarden's claim was barred by the doctrine of res judicata. However, on February 16, 2016, this court reversed the trial court's decision after finding the defense of res judicata cannot be raised by a motion to dismiss under Civ.R. 12(B). *Rarden v. Ewen*, 12th Dist. Butler No. CA2015-05-098, 2016-Ohio-548, ¶ 12.

{¶ 4} On March 27, 2017, Rarden filed a "motion to vacate a void judgment" in *Rarden I*, alleging Ewen failed to attach any certificate of service or proof of service with her October 25, 2013 motion to dismiss in violation of Civ.R. 5(B)(4). Finding no merit to Rarden's claim, the trial court denied Rarden's motion to vacate a void judgment on April 13, 2017. Rarden now appeals the trial court's decision, raising two assignments of error for review.

{¶ 5} Assignment of Error No. 1:

{¶ 6} THE TRIAL COURT LACKED SUBJECT MATTER JURISDICTION TO RULE ON APPELLEE'S MOTION IN THE INSTANT CASE.

{¶ 7} Assignment of Error No. 2:

{¶ 8} TRIAL COURT'S [sic] DOES NOT BECOME A FINAL APPEALABLE ORDER UNTIL THE COURT ISSUES A DIRECTIVE TO THE CLERK OF COURT IN [sic] PURSUANT TO CIVIL RULE 58(B).

{¶ 9} For ease of discussion, we will address both of Rarden's assignments of error

- 2 -

challenging the trial court's decision denying his motion to vacate a void judgment. After a thorough review of the record properly before this court, we find Rarden's arguments lack merit.

{¶ 10} "In order to render a valid judgment, a court must have jurisdiction over the defendant in the action." *Beachler v. Beachler*, 12th Dist. Preble No. CA2006-03-007, 2007-Ohio-1220, ¶ 12. A judgment rendered by a court that has not acquired personal jurisdiction over the defendant is void, not merely voidable. *Nix v. Richter*, 12th Dist. Butler No. CA2017-04-043, 2017-Ohio-8431, ¶ 7-8. The authority to vacate a void judgment is not derived from Civ.R. 60(B), but rather constitutes an inherent power possessed by Ohio courts. *Ohio State Aerie Fraternal Order of Eagles v. Alsip*, 12th Dist. Butler No. CA2013-05-079, 2013-Ohio-4866, ¶ 10. A party should not file a Civ.R. 60(B) motion for relief from judgment in order to have a void judgment vacated or set aside, since Civ.R. 60(B) motions apply only to judgments that are voidable rather than void. *Beachler* at ¶ 18. To be entitled to relief from a void judgment, a movant need not show that the motion was timely filed under Civ. R. 60(B). *Motorists Mut. Ins. Co. v. Roberts,* 12th Dist. Warren No. CA2013-09-089, 2014-Ohio-1893, ¶ 31. "An appellate court reviews the denial of a common law motion to vacate under an abuse of discretion standard." *Id.* at ¶ 30.

{¶ 11} In the present case, Rarden voluntarily consented to personal jurisdiction with the filing of his defamation complaint against Ewen. Therefore, the trial court had personal jurisdiction over Rarden and the trial court's judgment was not void. Nevertheless, Rarden claims that Ewen's motion to dismiss should not have been considered by the trial court because her motion failed to comply with Civ.R. 5(B)(4), which states that motions filed with the court "shall not be considered until proof of service is endorsed thereon or separately filed." This rule is mandatory and is required to comply with due process. *Holmes v. Community College*, 97 Ohio App. 3d 678, 686 (8th Dist.1994). However, contrary to

Rarden's claims otherwise, a due process violation other than a lack of personal jurisdiction can only render a judgment voidable and does not render it void. *Home Fed. S. & L. Assn. v. Keck*, 7th Dist. Mahoning No. 15 MA 0041, 2016-Ohio-651, ¶ 51. Accordingly, although Rarden styles his motion as a motion to vacate a void judgment, he is truly seeking a motion for relief from judgment under Civ.R. 60(B).

{¶ 12} Civ.R. 60(B) provides that the trial court may relieve a party from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise or excusable neglect;
>
> (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B);
>
> (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party;
>
> (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or
>
> (5) any other reason justifying relief from the judgment.

{¶ 13} To prevail on a Civ.R. 60(B) motion for relief from judgment, the moving party must demonstrate that it (1) has a meritorious claim or defense to present if the motion is granted; (2) is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) has made the motion within a reasonable time. *Kutz v. Kutz*, 12th Dist. Madison No. CA2012-08-017, 2013-Ohio-532, ¶ 8, citing *GTE Automatic Elec. v. ARC Industries*, 47 Ohio St.2d 146, 150-151 (1976). Failing to meet any one of these three factors is dispositive, for all three must be satisfied in order to gain relief. B*owman v. Leisz*, 12th Dist. Warren No. CA2014-02-029, 2014-Ohio-4763, ¶ 16.

{¶ 14} In this case, we find the trial court did not abuse its discretion by denying Rarden's motion to vacate a void judgment, as the trial court had jurisdiction over this matter

and the judgment is not void. Furthermore, even construing Rarden's arguments as a Civ.R. 60(B) motion for relief from judgment, his claims still fail. Here, the trial court granted the motion to dismiss for failure to state a claim under Civ.R. 12(B)(6) in November of 2013. Rarden appealed that decision, but his appeal was dismissed due to his failure to pay the required filing fees. Rarden did not file his "motion to vacate a void judgment" until March 27, 2017, more than three years following the trial court's dismissal order. Rarden has presented no evidence showing that his delay was reasonable. *See, e.g., Mount v. Dickson*, 12th Dist. Butler No. CA2016-03-065, 2016-Ohio-7909, ¶ 11 (motion for relief from judgment was untimely). As the failure to meet all of the factors pursuant to Civ.R. 60 would be dispositive as to a motion for relief from judgment, the trial court could not have erred in denying the same. Therefore, finding no error in the trial court's decision, Rarden's first and second assignments of error are without merit and overruled.

**{¶ 15}** Judgment affirmed.

S. POWELL, P.J., and HENDRICKSON, J., concur.