[Cite as *Martin v. Mac's Convenience Stores, L.L.C.*, 2023-Ohio-1077.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

MICHAEL MARTIN, et al.

     Appellants

     v.

MAC'S CONVENIENCE STORES, LLC,
d/b/a CIRCLE K, et al.

     Appellees

C.A. No.     30008

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV-2020-09-2439

DECISION AND JOURNAL ENTRY

Dated: March 31, 2023

SUTTON, Presiding Judge.

{¶1} Plaintiffs-Appellants Michael L. Martin and Anjanise Brown (collectively "Appellants") appeal from the judgment of the Summit County Court of Common Pleas, dismissing their action against Defendants-Appellees MAC's Convenience Stores, LLC and William C. Day (collectively "Appellees"). For the reasons that follow, this Court affirms.

I.

{¶2} Appellants filed a complaint in Summit County Court of Common Pleas on July 6, 2015 ("2015 Complaint"), alleging that Appellees were liable for injuries Appellants sustained in a motor vehicle collision on July 7, 2013. On September 7, 2016, Appellants voluntarily dismissed their lawsuit.

{¶3} Appellants subsequently refiled their lawsuit on August 26, 2017 ("2017 Complaint"), noting on the face of the complaint that it was a refiling of the 2015 Complaint. The trial court later dismissed that complaint without prejudice on September 19, 2019.

**{¶4}** Appellants then filed a third complaint on September 2, 2020 ("2020 Complaint"), indicating on the face of that complaint that it was a refiling of the 2017 Complaint. In their answer, Appellees asserted the affirmative defense that the allegations contained in the 2020 Complaint were barred by the statute of limitations. Appellees then filed a "Motion for Judgment on the Pleadings, or in the Alternative, for Summary Judgment" on October 1, 2010. In that motion, Appellees argued that Appellants' 2020 Complaint was barred by the statute of limitations because Appellants had already utilized R.C. 2305.19, Ohio's savings statute, when they filed their 2017 Complaint. Appellants responded in opposition. The trial court granted Appellees' motion and dismissed the complaint, finding the savings statute could only be used one time after the statute of limitations had expired.

**{¶5}** Appellants timely appealed, assigning one error for this Court's review.

II.

**ASSIGNMENT OF ERROR**

**THE TRIAL COURT [ERRED] IN DISMISSING THIS MATTER ON THE PLEADINGS.**

**{¶6}** In their sole assignment of error, Appellants argue the trial court erred in dismissing their complaint because R.C. 2305.19(A) allowed them to permissibly refile their complaint despite the statute of limitations expiring. For the reasons that follow, we disagree.

R.C. 2305.19 – Ohio's Savings Statute

**{¶7}** "Savings statutes operate to give a plaintiff a limited period of time in which to refile a dismissed claim that would otherwise be time-barred." *Internl. Periodical Distrib. v. Bizmart, Inc.*, 95 Ohio St.3d 452, 2002–Ohio–2488, ¶ 7. The savings statute, R.C. 2305.19(A), provides, in relevant part, that:

> [i]n any action that is commenced or attempted to be commenced, * * * if the plaintiff fails otherwise than upon the merits, the plaintiff * * * may commence a new action within one year after * * * the plaintiff's failure otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later.

*See also* R.C. 2125.04 (savings statute for wrongful death claims also requiring refiling within one year). "Thus, in order to employ the savings statute, a plaintiff must satisfy two elements: '(1) commencement of an action before the statute of limitations has expired, and (2) failure otherwise than upon the merits after the statute of limitations has expired.'" *Wick v. Lorain Manor, Inc.*, 9th Dist. Lorain No. 12CA010324, 2014-Ohio-4329, ¶ 8, quoting *Herbert v. Farmer*, 12th Dist. Warren No. CA2013-02-016, 2014-Ohio-877, ¶ 14, quoting *Boggs v. Baum*, 10th Dist. Franklin No. 10AP-864, 2011-Ohio-2489, ¶ 30. A savings statute may only be used once to refile a case. *See Thomas v. Freeman*, 79 Ohio St.3d 221, 227 (1997). *See also Vogel v. Northeast Ohio Media Group, LC*, 9th Dist. Medina No. 19CA0003-M, 2020-Ohio-854, ¶ 11; *Wick* at ¶ 8; *Herbert* at ¶ 19–20; *Brown v. Solon Pointe at Emerald Ridge*, 8th Dist. Cuyahoga No. 99363, 2013-Ohio-4903, ¶ 23; *Wright v. Proctor-Donald*, 5th Dist. Stark No.2012-CA-00154, 2013-Ohio-1973, ¶ 13; *Rall v. Arora*, 3d Dist. Marion No. 9-12-6, 2013-Ohio-1392, ¶ 19-20; *Gao v. Barrett*, 10th Dist. Franklin No. 10AP-1075, 2011-Ohio-3929, ¶ 13.

{¶8} In the trial court below, Appellees filed a motion arguing they were entitled to dismissal as a matter of law because Appellants' claims were time barred, and because Appellants had already used the savings statute once to refile their claim, use of the savings statute was not available to them.[1] In their response in opposition to Appellees' motion, Appellants conceded the

---

[1] Appellees filed a motion titled "Motion for Judgment on the Pleadings, or in the Alternative, for Summary Judgment." The trial court, in granting the motion, did not specify which motion it was granting, and stated, "The [c]ourt therefore ORDERS [Appellees'] Motion for Judgment on the Pleadings, or, in the Alternative for Summary Judgment shall be GRANTED."

law of the Ninth District supported Appellees' position, but argued that the "position is created from whole cloth by the courts and is not supported by the plain language of the statute." Appellants argued "[t]here is no limitation contained in the plain language of the statute which would limit the application of the saving statute more than one time." The trial court rejected Appellants' arguments, and Appellants now raise the same arguments on appeal.

{¶9}  This Court has repeatedly held that the savings statute can only be used one time to refile a complaint. *See Vogel, supra*; *Wick, supra*. While this Court has not expressly rejected the notion that the savings statute contains no limiting language, our sister district has considered, and rejected, this same argument. In *Graf v. Cirino*, 8th Dist. Cuyahoga No. 96011, 2011-Ohio-3473, ¶ 5, the Eighth District Court of Appeals indicated:

> [Appellants] assert that the plain text of the savings statute, R.C. 2305.19(A), contains no limitations on the number of times it may be used. They claim that the savings statute permits a plaintiff to refile a case within one year of a failure "otherwise than upon the merits" and that there is no reason why a third filing may not relate back to the original filing for limitation purposes. We find no merit to their arguments.

{¶10}  Appellants also argue the 2004 amendment to the statute allowed for a more "expansive application" of the statute because the absence of language limiting the number of times the statute could be used "demonstrate[s] an intent against such a limitation." Ohio courts have consistently rejected this argument. The Sixth District Court of Appeals examined this argument in *Dagart v. Ohio Dept. of Transp.*, 6th Dist. Wood No. WD-06-19, 2006-Ohio-6179, ¶ 21, stating:

> Despite the broadening language in the amendment of R.C. 2305.19, we are of the opinion that the legislature did not intend to obviate the foregoing precept by allowing endless filings of the same case so long as the filings were within one year

---

Appellants' assigned error specifically argues that the trial court erred in granting a motion to dismiss on the pleadings. Appellants do not contest the facts, admitting that they utilized the savings statute once previously.

of a dismissal otherwise than upon the merits. The legislative history of the current version of R.C. 2305.19, as set forth infra, supports this opinion. The new version of the statute was enacted to prevent the disparate treatment of "similarly situated" plaintiffs. Appellant's case cannot be likened to that of a plaintiff whose case was dismissed other than on the merits before the statute of limitations ran. We thus conclude that because appellant employed the saving statute once to refile his lawsuit in the Court of Claims, he cannot use the saving statute to bring the same cause of action a third time.

In *Wright*, 2013-Ohio-1973, the Fifth District Court of Appeals also rejected the argument that the 2004 amendment to the statute had any effect on the long-held principle that the savings statute could not apply twice to the same case:

Prior to the 2004 amendment of R.C. 2305.19, the Ohio Supreme Court held the savings statute could only be used once to re-file a case and could not be used to keep actions alive indefinitely. The rationale behind this limitation on the savings statute is to obtain finality of decisions and so the purpose of the civil rules to prevent indefinite filings is not frustrated. After the amendment of R.C. 2305.19, courts analyzing the statute have continued to hold that the savings statute cannot apply twice to the same case.

(Internal citations omitted.) *Wright* at ¶ 13. *See also Eichler v. Metal & Wire Products Co.*, 7th Dist. Columbiana No. 07 CO 14, 2008-Ohio-3095, ¶ 20 ("[T]he changing of the word "an" to "any" in the first phrase of the statute does not change the rule of law that the savings statute can only be used once. Holding otherwise would mean that the savings statute would permit actions to be kept alive indefinitely. If that were the case, there would be no finality to decisions and, thus, the purpose of the civil rules to prevent indefinite filings would be frustrated.").

{¶11} We find Appellants' arguments unpersuasive. Here, the motor vehicle collision that gave rise to this action occurred on July 7, 2013. Appellants filed the 2015 Complaint before the statute of limitations expired but voluntarily dismissed that complaint on September 7, 2016. R.C. 2305.19 provided Appellants with one opportunity to refile their complaint, which they did on August 26, 2017. Thus, with the statute of limitations expired, and Appellants' previous utilization of the savings statute to file the 2017 Complaint, the 2020 Complaint was barred by the

statute of limitations. Therefore, Appellees were entitled to dismissal of the complaint as a matter of law.

**{¶12}** Appellants' assignment of error is overruled.

### III.

**{¶13}** Appellants' sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

BETTY SUTTON
FOR THE COURT

CARR, J.
FLAGG LANZINGER, J.
<u>CONCUR</u>

<u>APPEARANCES</u>:

ALAN M. MEDVICK, Attorney at Law, for Appellants.

BRIAN D. SULLIVAN, ROBERT D. WARNER and BRIANNA M. PRISLIPSKY, Attorneys at Law, for Appellees.