SHUNK ET AL., D. B. A. JAY QUE CO., APPELLEES, *v.* SHUNK MFG. CO., APPELLANT.

(No. 1444—Decided February 28, 1945.)

*Mr. Charles F. Schaber,* for appellees.
*Mr. C. Victor Vollrath,* for appellant.

JACKSON, J. This is an appeal on questions of law.
The defendant, appellant herein, assigns two grounds of error, the first being:

The Common Pleas Court erred to the prejudice of the rights of the defendant in hearing any evidence whatever controverting the allegations of defendant's petition for removal and in determining the issues of fact thereon and denying to defendant the right of removal to the United States district court.

The removal of a suit of a civil nature, either at law

or in equity, from a state court to a federal court is governed by Sections 71, 72 and 80, Title 28, U. S. Code.

Those sections prescribe the manner in which a suit of a civil nature may be removed from the state courts to the federal courts, and Section 72 stipulates that "it shall then be the duty of the state court to accept said petition and bond and proceed no further in such suit."

In the instant case, the procedure was followed with exactness and at the time prescribed. The Common Pleas Court had before it the petition for removal and a good and sufficient bond, when the hearing was had upon the petition for removal.

The court permitted evidence to be submitted tending to disprove the facts alleged in the petition for removal, and in consideration of such evidence, the court, by journal entry, "ordered and adjudged said petition for removal be and hereby is refused."

Those sections of Title 28, U. S. Code, have been variously interpreted according to the exigencies of particular cases. However, a review of the decisions will exemplify the correct interpretation in the instant case.

As late as November 30, 1938, in the case of *Kniess* v. *Armour & Co.*, 134 Ohio St., 432, 17 N. E. (2d), 734, 119 A. L. R., 1348, the Supreme Court of Ohio attempted, by reason of a misjoinder of parties defendant and diversity of citizenship, to remand a civil action to the Common Pleas Court of original jurisdiction, with instructions to grant the petition to remove the cause to the District Court of the United States. The District Court of the United States refused to permit the removal to it and remanded the suit to the state court. The question of removal or non-removal of this particular case finally was heard

by the Supreme Court of the United States. It was suggested to the Supreme Court of the United States that the federal district court had no power to consider the entire record and pass upon the question of separability of the parties defendant because that issue had been adjudicated by the Supreme Court of Ohio.

The United States Supreme Court, in its opinion, said that the District Court of the United States is the only court entrusted with the determination as to removability and once it has acted, even a review thereof is not permissible. *Kloeb, Judge,* v. *Armour & Co.,* 311 U. S., 199, 85 L. Ed., 124, 61 S. Ct., 213.

Upon a proper petition and bond for removal being filed, it is the usual practice for the state court to enter a formal order approving the bond and directing the transfer of the cause to the proper federal district court. However, the removal-of-causes statutes and the federal constitutional provision, Section 2, Article 3 of the U. S. Constitution, to which the authority to enact such statutes is traceable, are entirely effectual to permit a removal of jurisdiction of a cause upon the proper steps being taken—that is, serving notice on adverse parties, filing petition and bond, and obtaining and filing a copy of the record—without any state legislation touching the matter, and without any order of the state court. Such steps having been taken, it is the duty of the state court, under Section 72, Title 28, U. S. Code, to accept the petition and bond and proceed no further in the suit. 35 Ohio Jurisprudence, 403, Section 32.

The first assignment of error is sustained.

The second ground of error is:

The Common Pleas Court erred to the prejudice of the rights of defendant in hearing evidence to determine who were members of a partnership sued in its business or firm name only, and in determining issues of fact and questions of citizenship, upon a petition for

removal sufficient upon its face to entitle the petitioners to the removal.

What we have said with reference to the first assignment of error is equally applicable to the second.

The Supreme Court of the United States lays down this rule of procedure:

"* * * the petitioning party has a right to enter the suit in the Circuit Court [federal] notwithstanding the state court declines to stop proceedings, it is easy to see that, if both courts can try the issues of fact which may be made on the petition for removal, the records from the two courts brought here for review will not necessarily always be the same. The testimony produced before one court may be entirely different from that in the other, and the decisions of both courts may be right upon the facts as presented to them respectively. Such a state of things should be avoided if possible, and this can only be done by making one court the exclusive judge of the facts. Upon that question there ought not to be a divided jurisdiction. It must rest with one court alone, and that, in our opinion, is more properly the Circuit Court [federal]." *Burlington, Cedar Rapids & Northern Ry. Co.* v. *Dunn,* 122 U. S., 513, at 517, 30 L. Ed., 1159, 7 S. Ct., 1262. *Stone* v. *South Carolina,* 117 U. S., 430, 29 L. Ed., 962, 6 S. Ct., 799; *George Weston, Ltd.,* v. *New York Central Rd. Co.,* 115 N. J. Law, 564, 181 A., 18; *Farmers' Bank & Trust Co. of Hardinsburg* v. *Atchison, T. & S. F. Ry. Co.,* 25 F. (2d), 23; *B. & O. Rd. Co.* v. *Koontz,* 104 U. S., 5, 26 L. Ed., 643; *Probst* v. *Cowen,* 91 F., 929; *Clarkhuff* v. *Wisconsin, I. & N. Rd. Co.,* 26 F., 465.

Since the mere filing in a state court of a sufficient petition and bond divests the jurisdiction of the state court and vests jurisdiction in the federal court, no hearing is necessary in, or no order necessary by, the state court. Comity, however, dictates both a request

for and a grant of the latter. *Hansford* v. *Stone-Ordean-Wells Co.,* 201 F., 185; *North American Loan & Trust Co.* v. *Colonial & United States Mortgage Co.,* 3 S. D., 590, 54 N. W., 659.

The second assignment of error is sustained.

On February 5, 1945, the United States district court for the Northern District of Ohio, Eastern Division, entered an order remanding the instant case to the Common Pleas Court of Crawford county, Ohio. This action on the part of the United States district court in no wise sustains, or is an affirmance of, the denial of the petition for removal to the defendant. It is a refusal to entertain jurisdiction of the cause.

The order of the United States district court refusing the removal of the cause and remanding to the Court of Common Pleas renders moot the issues before this court in the present appeal, except as to the question of costs.

Error having intervened, as above indicated, the judgment of the Common Pleas Court is reversed and the cause remanded for further proceedings according to law. The costs of the instant appeal are assessed against the plaintiffs. Exceptions are saved.

*Judgment reversed.*

MIDDLETON, P. J., and GUERNSEY, J., concur.