DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from two judgments of the Fulton County Court of Common Pleas, in which the trial court granted a complaint for eviction filed by appellee, Jennifer Borkowski, and denied appellant, A.J. Borkowski's, Civ.R. 60(B) motion to vacate. Appellant sets forth the following two assignments of error on appeal:
 {¶ 2} "A. Because the trial judge was absolutely divested of jurisdiction to decide the merits of the complaint for possession of the property once the appellant's proper notice of removal to the U.S. District which was filed on May 12, 2004 until May 24, 2004, the trial judge committed a prejudicial error to the appellant because the trial judge unambiguously lacked jurisdiction to consider appellee's complaint for possession.
 {¶ 3} "B. Because A.J. Borkowski demonstrated the factors required by Civ.R. 60(B), his rule 60(B) motion should be granted."
 {¶ 4} The facts relevant to the issues raised in this appeal are as follows. Appellee, appellant's daughter, is the owner of a residence at 13613 State Route 66 in Fayette, Ohio ("the property").[1] In 2002, appellant and appellee executed a lease in which appellant agreed to pay rent in the amount of $600 per month. Appellant stopped paying rent in August 2003. On January 26, 2004, appellee filed the complaint herein, in which she sought to evict appellant from the property. Appellant filed an answer on March 23, 2004.
 {¶ 5} On May 13, 2004, an evidentiary hearing was held. Before the start of the hearing, the trial court allowed appellant to file a document titled "Notice of Removal Based [on] Constitutional Law." The notice was file stamped by the United States District Court, Northern District of Ohio, on May 12, 2004.
 {¶ 6} At trial, appellee testified she is the owner of the property. Appellee also testified as to the terms of the lease and appellant's failure to pay rent. In lieu of testimony appellant, acting pro se, argued the trial court was divested of jurisdiction to consider the eviction complaint when the notice of removal was filed. In response, the trial court stated:
 {¶ 7} "Mr. Borkowski, you are showing me what is, I allowed to be filed in this case, Notice of Removal Based Constitutional Law, which appears to have been filed in the * * * United States District Court on May 12. This Court finds that that [sic] mere filing of that document does not remove jurisdiction of this case from this court. And that matter is now closed."
 {¶ 8} At the close of all the evidence, the trial court found appellee has legal possession of the property. The trial court further found appellant defaulted under the terms of the lease, and was subject to eviction proceedings. The trial court's judgment entry was journalized on May 17, 2004, and a writ of execution of the judgment was filed on May 21, 2004.
 {¶ 9} On May 24, 2004, the federal court dismissed appellant's petition for removal and remanded the proceedings back to the trial court. On June 4, 2004, appellant filed a motion pursuant to Civ.R. 60(B), in which he asked the trial court to vacate its May 17 and May 21, 2004 judgments, which the trial court summarily denied the same day. A notice of appeal was filed.
 {¶ 10} The issue raised in appellant's first assignment of error is whether the trial court was divested of jurisdiction by the filing of the notice of removal. Procedure for the removal of an action from state to federal court is set forth in 28 U.S.C. § 1446, which states, in relevant part:
 {¶ 11} "(a) A defendant or defendants desiring to remove a civil action * * * from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal * * * containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.
 {¶ 12} "* * *
 {¶ 13} "(d) Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect removal and the State court shall proceed no further unless and until the case is remanded."
 {¶ 14} Federal courts have consistently held "the state court loses all jurisdiction to proceed immediately upon the filing of the petition in the federal court and a copy in the state court." South Carolina v.Moore (C.A.4, 1970), 447 F.2d 1067, 1073 (other citations omitted). See also, Howes v. Childers (E.D.Ky. 1977), 426 F. Supp. 358 (Filing of a removal petition in the state court, along with written notice to the adverse parties, divests the state court of all jurisdiction to proceed from the time it receives notice of the removal. Id. at 360). Similarly, Ohio courts, interpreting federal law, have found the mere filing of a proper removal petition in state court divests the court of jurisdiction and vests jurisdiction in the federal court. Shunk v. Shunk Mfg. Co.
(1945), 75 Ohio App. 253, 256, interpreting former 28 U.S.C.S. § 72. Accordingly, "any proceedings in the state court after the filing of the petition and prior to a federal remand order are absolutely void, despite subsequent determination that the removal petition was ineffective."South Carolina v. Moore, supra.
 {¶ 15} It is undisputed that appellant filed the notice of removal in both federal court and state court, as required by 28 U.S.C. § 1446(d). The trial court undoubtedly recognized the ultimate futility of such a maneuver, and chose to resolve the parties' dispute on May 13, 2004, rather than wait for the federal court to remand the case. However, after reviewing the entire the record of proceedings below and the law, we are compelled to find the filing of appellant's removal petition divested the trial court of jurisdiction from the time notice of removal was filed on May 13, 2004, until the case was remanded back to the trial court on May 24, 2004. The trial court's judgment entries issued during that time period are void. Appellant's first assignment of error is welltaken.
 {¶ 16} Appellant asserts in his second assignment of error the trial court erred by denying his Civ.R. 60(B) motion to vacate the May 17 and May 21, 2004, judgments. Upon consideration of our determination as to appellant's first assignment of error, we find appellant's second assignment of error has become moot.
 {¶ 17} The judgment of the Fulton County Court of Common Pleas is hereby reversed. The case is remanded to the trial court for further proceedings consistent with this decision. Pursuant to App.R. 24, costs of these appellate proceedings are assessed to appellee.
Judgment Reversed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Pietrykowski, J., Parish, J. Concur.
[1] The lengthy and litigious history of this case includes a separate dispute regarding ownership of the property, brought in the Fulton County Court of Common Pleas, case no. 01CV-0274.