[Cite as *Williamson v. Scioto Twp. Trustees*, 2017-Ohio-1099.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
PICKAWAY COUNTY

| | | |
|---|---|---|
| MONTY R. WILLIAMSON, | : | |
| | : | Case No. 16CA5 |
| Plaintiff-Appellant/Cross-Appellee, | : | |
| | : | |
| vs. | : | DECISION AND JUDGMENT |
| | : | ENTRY |
| SCIOTO TOWNSHIP TRUSTEES, ET AL., | : | |
| | : | |
| Defendants-Appellees/Cross-Appellants. | : | **Released: 03/21/17** |

_____

APPEARANCES:

James R. Kingsley, Circleville, Ohio, for Appellant/Cross-Appellee.

Edward J. Dowd and Kevin A. Lantz, Surdyk, Dowd & Turner Co., L.P.A., Dayton, Ohio, for Appellees/Cross-Appellants.

_____

McFarland, J.

{¶1} Appellant/Cross-Appellee Monty Williamson appeals from the trial court's decision granting summary judgment in favor of Appellees/Cross-Appellants, Scioto Township Trustees, et al. On appeal, Appellant contends that 1) the trial court committed prejudicial error when it granted Appellees summary judgment finding governmental immunity barred the claims of trespass and nuisance; and 2) the trial court committed prejudicial error when it denied mandamus to force inverse condemnation.

Scioto Township Trustees, et al. have also filed a cross-appeal in this matter, raising two assignments of error, contending that 1) the trial court erred to their prejudice when it denied their motion for summary judgment on the inverse condemnation claim because the trial court lacked subject matter jurisdiction; and 2) the trial court erred to their prejudice when it denied their motion for summary judgment on the issue of whether Cross-Appellee's state law claims were time-barred.

{¶2} Because we have concluded that the trial court lacked jurisdiction over Appellant's claims, which were barred by the statute of limitations, the trial court erred in denying Appellees' motion to dismiss. Further, because it lacked jurisdiction of the claims, the trial court's orders granting summary judgment in favor of Appellees on the trespass and nuisance claims, and rendering judgment in favor of Appellees on the inverse condemnation claim, are both void. Accordingly, the trial court's judgment denying Appellees' motion to dismiss is reversed and the judgments on the trespass, nuisance and inverse condemnation claims are hereby vacated.

FACTS

{¶3} A review of the record reflects that Appellant/Cross-Appellee (hereinafter "Williamson") initially filed a lawsuit, which included claims

for trespass, nuisance, inverse condemnation and punitive damages, against Appellees/Cross-Appellants, Scioto Township, Michael Struckman and Terry Brill (hereinafter "Township") on October 25, 2010. The claims stemmed from events related to the installation of a driveway culvert by the Township on Williamson's property, which allegedly caused eventual flooding and water damage to Williamson's property and an outbuilding he owns. Without going into details which are not pertinent to this appeal, the installation of the driveway culvert was performed by the Township at the request of a contractor, who Williamson allegedly met with but did not actually hire to construct a new residence on the property.

{¶4} That action was dismissed by the trial court for failure to abide by the court's scheduling orders on August 30, 2011. Williamson refiled the action on August 9, 2012, asserting the same claims against the same parties. Then, on June 18, 2013, Williamson filed an amended complaint that included the original claims and added new claims for negligent permit process, unconstitutional culvert policy, ratification, abuse of office, and willful destruction of evidence.

{¶5} The Township removed the case to federal court on July 15, 2013 and a notice of removal was filed in the state trial court on July 16, 2013. The federal court thereafter issued an opinion and order on September

5, 2014, granting summary judgment to the Township on the unconstitutional culvert policy, ratification and abuse of office claims, noting that the claim for inverse condemnation appeared to have been abandoned, and dismissing without prejudice Williamson's remaining state law claims. The federal court did not remand the matter to the state trial court. Thereafter, on June 11, 2015, Williamson filed a "Motion To Reinstate Case On Active Docket," which the trial court granted on June 12, 2015.

{¶6} In response, the Township filed a motion for summary judgment on the remaining state law claims, followed by a motion to dismiss based upon lack of subject matter jurisdiction. While the trial court denied the Township's motion to dismiss, it granted its motion for summary judgment on all claims except the claim for inverse condemnation. Then, after holding a bench trial on the inverse condemnation claim, the trial court ruled in favor of the Township. It is from these orders that the parties now appeal, assigning the following errors for our review.

APPELLANT'S ASSIGNMENTS OF ERROR

"I.    THE TRIAL COURT COMMITTED PREJUDICIAL ERROR
       WHEN IT GRANTED DEFENDANT SUMMARY JUDGMENT
       FINDING GOVERNMENTAL IMMUNITY BARRED THE
       CLAIMS OF TRESPASS AND NUISANCE.

II.     THE TRIAL COURT COMMITTED PREJUDICIAL ERROR
        WHEN IT DENIED MANDAMUS TO FORCE INVERSE
        CONDEMNATION."

CROSS-APPELLANTS' ASSIGNMENTS OF ERROR

"I.     THE TRIAL COURT ERRED TO THE PREJUDICE OF CROSS-
        APPELLANTS WHEN IT DENIED THEIR MOTION FOR
        SUMMARY JUDGMENT ON CROSS-APPELLEE'S INVERSE
        CONDEMNATION CLAIM BECAUSE THE COURT LACKED
        SUBJECT MATTER JURISDICTION.

II.     THE TRIAL COURT ERRED TO THE PREJUDICE OF CROSS-
        APPELLANTS WHEN IT DENIED THEIR MOTION FOR
        SUMMARY JUDGMENT ON THE ISSUE OF WHETHER CROSS-
        APPELLEE'S STATE-LAW CLAIMS WERE TIME-BARRED."

LEGAL ANALYSIS

{¶7}  We initially note that although Williamson has filed an appeal

and set forth assignments of error based upon the merits of this case, the

Township has also filed a cross-appeal pursuant to App.R. 3(C)(1), which

provides, in pertinent part, as follows:

> "(C)(1) *Cross Appeal Required.*  A person who intends to
> defend a judgment or order against an appeal taken by an
> appellant and who also seeks to change the judgment or order
> or, in the event the judgment or order may be reversed or
> modified, an interlocutory ruling merged into the judgment or
> order, shall file a notice of cross appeal within the time allowed
> by App.R. 4."

In their Appellee brief, the Township states that they have filed a cross

appeal "in the event the judgment * * * is reversed or modified, [to receive]

an interlocutory ruling merged into the judgment or order * * *."

{¶8} Such a cross appeal has been considered to be a conditional cross appeal. *General Medicine, P.C. v. Manolache, M.D.*, 8th Dist. Cuyahoga No. 94861, 2011-Ohio-340, ¶ 31 ("While unusual, such a conditional request is not without precedent and is allowed by App.R. 3(C)). In *Manolache*, the court decided it was unnecessary to reach the assignment of error raised in the cross appeal as it affirmed the trial court's order in its entirety. *Id; see also Cummings v. B.F. Goodrich Co.*, 86 Ohio App.3d 176, 188, 620 N.E.2d 209 (4th Dist.1993). Here, however, because the arguments raised by the Township in their cross appeal relate to the trial court's jurisdiction of this matter, and because we conclude that the resolution of these arguments is dispositive of the matter on appeal, we address them first.

{¶9} In their cross appeal, the Township challenges the trial court's denial of their motion to dismiss based upon lack of subject matter jurisdiction, as well as the trial court's grant of summary judgment, albeit in the township's favor, when it was without jurisdiction over the matter. "When ruling on a Civ.R. 12(B)(1) motion to dismiss for lack of subject-matter jurisdiction, trial courts must determine whether a claim raises any action cognizable in that court." *Dargart v. ODOT*, 171 Ohio App.3d 439, 2006-Ohio-6179, 871 N.E.2d 608, ¶ 12; citing *State ex rel. Bush v. Spurlock*,

42 Ohio St.3d 77, 80, 537 N.E.2d 641 (1989); *Roll v. Edwards*, 156 Ohio

App.3d 227, 2004-Ohio-767, 805 N.E.2d 162, ¶ 15.  "Appellate courts

review trial court judgments regarding motions to dismiss for lack of

subject-matter jurisdiction de novo." *Dargart* at ¶ 12; citing *Schetter v.*

*Frogameni*, 6th Dist. Lucas No. L–05–1366, 2006-Ohio-3065, ¶ 4; citing

*Hull v. Columbia Gas of Ohio*, 160 Ohio App.3d 695, 2005-Ohio-2089, 828

N.E.2d 677, ¶ 11.  Further, "[i]n making a determination under Civ.R.

12(B)(1), neither the trial court nor this court is confined to a consideration

of the allegations of the complaint, but may consider any material pertinent

to that inquiry." *Dargart* at ¶ 12; citing *Southgate Dev. Corp. v. Columbia*

*Gas Transmission Corp*. (1976), 48 Ohio St.2d 211, 2 O.O.3d 393, 358

N.E.2d 526, paragraph one of the syllabus (subsequently reversed based

upon finding PUCO had exclusive jurisdiction to adjudicate rate disputes.).

{¶10}  Here, as set forth above, the record reflects that Williamson

filed his first action, which included claims for trespass, nuisance, inverse

condemnation and punitive damages, against Scioto Township, Michael

Struckman and Terry Brill on October 25, 2010.  That action was

involuntarily dismissed by the trial court for failure to abide by the court's

scheduling order on August 30, 2011.  Williamson refiled the action on

August 9, 2012, asserting the same claims against the same parties.  Then,

on June 18, 2013, Williamson filed an amended complaint that included the original claims and added new claims for negligent permit process, unconstitutional culvert policy, ratification, abuse of office, and willful destruction of evidence.

{¶11} The Township removed the case to federal court on July 15, 2013, and a notice of removal was filed in the state trial court on July 16, 2013. The federal court issued an opinion and order on September 5, 2014, granting summary judgment to the Township on the unconstitutional culvert policy, ratification and abuse of office claims, noting that the claim for inverse condemnation appeared to have been abandoned, and dismissing without prejudice Williamson's remaining state law claims. The federal court did not remand the matter to the state trial court. Then, approximately nine months later, on June 11, 2015, Williamson filed a "Motion To Reinstate Case On Active Docket," which the trial court granted on June 12, 2015.

{¶12} In response, the Township filed a motion for summary judgment on the remaining state law claims, followed by a motion to dismiss based upon lack of subject matter jurisdiction. While the trial court denied the Township's motion to dismiss, it granted its motion for summary judgment on all claims except the claim for inverse condemnation. Then,

after holding a bench trial on the inverse condemnation claim, the trial court ruled in favor of the Township.

{¶13} Presently on appeal, Williamson argues that the trial court erred in granting summary judgment in favor of the Township on his trespass and nuisance claims, and erred in rendering judgment in favor of the Township on the inverse condemnation claim. As set forth above, the Township's cross appeal asserts that the trial court lacked subject matter jurisdiction over Williamson's inverse condemnation and other state law claims, which had been once dismissed by the state court, refiled within one year, removed to federal court, dismissed without prejudice and then "reinstated" on the state court docket nine months later. More specifically, the Township argues that the state court lost subject matter jurisdiction when the case was removed to federal court, and did not reacquire jurisdiction following the federal court's dismissal. For the following reasons, we agree with the Township.

{¶14} Contrary to the trial court's position that it retained jurisdiction over this matter when it was removed to federal court because it simply placed the matter on its inactive docket, we note that "[f]ederal courts have consistently held 'the state court loses all jurisdiction to proceed immediately upon the filing of the petition in the federal court and a copy in

the state court.' " *Borkowski v. Borkowski*, 6th Dist. Fulton No. F-04-020, 2005-Ohio-2212, ¶ 14; citing *South Carolina v. Moore* (C.A.4, 1970), 447 F.2d 1067, 1073 (other citations omitted).  Ohio courts have likewise found, interpreting federal law, that "the mere filing of a proper removal petition in state court divests the court of jurisdiction and vests jurisdiction in the federal court." *Borkowski* at ¶ 14; citing *Shunk v. Shunk Mfg. Co.*, 75 Ohio App. 253, 256, 61 N.E.2d 896 (1945); interpreting former 28 U.S.C.S. § 72. Further, " 'any proceedings in the state court after the filing of the petition and prior to a federal remand order are absolutely void, despite subsequent determination that the removal petition was ineffective.' " *Borkowski* at ¶ 14; quoting *South Carolina v. Moore, supra.*

{¶15}  We also must note here that Williamson represented to the trial court in his motion to reinstate that the federal court had remanded the matter to the state court.  However, that was not accurate.  Our review of the federal filings contained within the record before us indicate that the federal court dismissed Williamson's state law claims without prejudice, but did not remand the matter to the state court.

{¶16}  In *Harris v. O'Brien*, 8th Dist. Cuyahoga Nos. 86218 and 86323, 2006-Ohio-109, the Eighth District Court of Appeals addressed a situation nearly identical, procedurally, to the present case.  Harris filed his

initial lawsuit in state court and then voluntarily dismissed it pursuant to Civ.R. 41(A). *Id.* at ¶ 1.  Harris refiled the lawsuit within one year and because he added a federal cause of action the case was removed to federal court. *Id.* at ¶ 2.  Two years later the federal court declined to exercise supplemental jurisdiction over Harris' state law claims and dismissed them without prejudice. *Id.*  Six months later, Harris moved the state court to "reinstate" his state law claims, which the trial court did, but then later vacated after "realizing that it was without jurisdiction to reinstate the Second Action because it was removed to federal court and later dismissed." *Id.* at ¶ 3.  Thereafter, Harris filed a third action in the state court. *Id.*  The appellees in that case moved the trial court for judgment on the pleadings, arguing Harris' claims were barred by the one-year statute of limitations, and the trial court granted the motion. *Id.* at ¶ 4.

{¶17}  On appeal, Harris argued that his claims survived because the Ohio savings statute "allowed him an additional year to refile his state law claims after the federal court dismissed them without prejudice." *Id.* at ¶ 5. The appellate court rejected Harris' argument, reasoning that "Harris was precluded from utilizing the Ohio saving's statute to refile a Third Action, as R.C. 2305.19(A) may only be used once to refile a case and only once to extend the statute of limitations[,]" and that the statutes of limitations on all

of his claims, except one, had expired. *Id.* at ¶ 15.[1] The *Harris* court further found Harris did not timely refile his Third Action within 30 days of the federal court's dismissal without prejudice of his state law claims, which is provided for in Section 1367(D), Title 28, U.S. Code, but rather he waited six months "to reinstate his claims." *Id.* at ¶ 16.[2] "Savings statutes operate to give a plaintiff a limited period of time in which to refile a dismissed claim that would otherwise be time-barred." *Hamrick v. Ramalia*, 8th Dist. Cuyahoga No. 97385, 2012-Ohio-1953, ¶ 21; citing *Internatl. Periodical Distrib. v. Bizmart*, 95 Ohio St.3d 452, 2002-Ohio-2488, 768 N.E.2d 1167, ¶ 7. Further, "the savings statute can be used only once." *Id.*

{¶18} We find the reasoning of *Harris*, while not binding, to be both instructive and persuasive with respect to the facts presently before us. Much like Harris, Williamson filed an initial lawsuit in state court that was dismissed and then refiled within one year pursuant to the Ohio Savings Statute.[3] Thus, when his state claims were dismissed for a second time by

---

[1] R.C. 2305.19(A), commonly referred to as Ohio's Savings Statute, provides as follows: "In any action that is commenced or attempted to be commenced, if in due time a judgment for the plaintiff is reversed or if the plaintiff fails otherwise than upon the merits, the plaintiff or, if the plaintiff dies and the cause of action survives, the plaintiff's representative may commence a new action within one year after the date of the reversal of the judgment or the plaintiff's failure otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later. This division applies to any claim asserted in any pleading by a defendant."

[2] Section 1367, Title 28, U.S. Code provides for a tolling of the statute of limitations for thirty days for claims dismissed by the federal court, in order that the claims may be refiled in state court.

[3] The only difference, which will be discussed in more detail herein, is that Harris voluntarily dismissed his first lawsuit pursuant to Civ.R. 41(A), and Williamson's first lawsuit was involuntarily dismissed by the state court.

the federal court, Williamson, having already utilized the Ohio Savings Statute, could only avail himself of the additional thirty-day federal tolling period provided by Section 1367, Title 28, U.S. Code.

{¶19} Because he waited nine months to either refile his claim or request that the state court "reinstate" his claims, just as in *Harris*, the statutes of limitations had expired. Again, of importance is the fact that the federal court did not remand the matter back to the state court. Absent a remand order, in our view Williamson would have had to refile, not reinstate, his claims in the state court, and would have had to do it within thirty days in light of the fact he had already used the Ohio Savings Statute once.

{¶20} The Township also seems to contend that the "double-dismissal rule" barred Williamson from proceeding with his claims after the federal court dismissal without prejudice of his state law claims; however, we disagree. The "double-dismissal rule" is contained in the last sentence of Civ.R. 41(A)(1) and provides that dismissal under Civ.R. 41(A) is generally without prejudice. However, the last sentence contains an exception to the rule, stating that "a notice of dismissal operates as an adjudication upon the merits of any claim that the plaintiff has once dismissed in any court." Civ.R. 41(A).

**{¶21}** As explained by the Supreme Court of Ohio in *Olynyk v.*

*Scoles*, 114 Ohio St.3d 56, 2007-Ohio-2878, 868 N.E.2d 254, ¶ 10:

> "It is well established that when a plaintiff files two unilateral
> notices of dismissal under Civ.R. 41(A)(1)(a) regarding the
> same claim, the second notice of dismissal functions as an
> adjudication of the merits of that claim, regardless of any
> contrary language in the second notice stating that the dismissal
> is meant to be without prejudice. *See, e.g., EMC Mtge. Corp. v.*
> *Jenkins*, 164 Ohio App.3d 240, 2005-Ohio-5799, 841 N.E.2d
> 855, ¶ 32; *Robinson v. Allstate Ins. Co.*, 8th Dist. No. 84666,
> 2004-Ohio-7032, 2004 WL 2980489, ¶ 29; *Forshey v. Airborne*
> *Freight Corp.* (2001), 142 Ohio App.3d 404, 408, 755 N.E.2d
> 969; *Mays v. Kroger Co.* (1998), 129 Ohio App.3d 159, 161-
> 162, 717 N.E.2d 398; *Internatl. Computing & Electronic Eng.*
> *Corp. v. Ohio Dept. of Adm. Servs.* (May 9, 1996), 10th Dist.
> No. 95API11–1475, 1996 WL 239590. In that situation, the
> second dismissal is with prejudice under the double-dismissal
> rule, and res judicata applies if the plaintiff files a third
> complaint asserting the same cause of action. See 1970 Staff
> Note to Civ.R. 41 **257 (when a dismissal is with prejudice,
> "the dismissed action in effect has been adjudicated upon the
> merits, and an action based on or including the same claim may
> not be retried")."

**{¶22}** Civ.R. 41(A)'s double-dismissal rule only applies when a

plaintiff files two unilateral voluntary notices of dismissal, and is not

invoked when a court involuntary dismisses a case. *Olynyk* at ¶ 31; *Forshey*

*v. Airborne Freight Corp.*, 142 Ohio App.3d 404, 408, 755 N.E.2d 969 (12th

Dist.2001) ("Civ. R. 41(A)(1) provides that a plaintiff may voluntarily and

unilaterally dismiss an action without prejudice by simply filing notice with

the trial court at any time before the trial. Such dismissals are also known as

'notice dismissals.' "). The matter at issue presently before us was originally filed back in 2010 and was involuntarily dismissed by the trial court, presumably under Civ.R. 41(B)(1), for failure to abide by the court's scheduling order. It was refiled in state court in 2012 and then removed to federal court. Later it was dismissed without prejudice by the federal court. As neither of the dismissals were notice dismissals by Williamson, Civ.R. 41(A)'s double dismissal rule did not apply to bar Williamson from proceeding with his claims after the dismissal by the federal court.

{¶23} However, despite the fact that the double dismissal rule does not act as a bar, as alluded to above, the fact that Ohio's Savings Statute can only be used once and the fact that it was already utilized by Williamson after he initially dismissed and then refiled his case in state court, does act as a bar. *Hamrick, supra.* In *Hamrick*, the plaintiff filed suit which was later jointly dismissed by stipulation of both parties. *Hamrick* at ¶ 3. The plaintiff then refiled within one year, but subsequently filed a voluntary notice of dismissal. *Id.* at ¶ 4. The plaintiff refiled again, for a third time. *Id.* The trial court dismissed the third filing on the motion of defendant, which argued that the third filing was beyond the statute of limitations, as well as the additional one year provided under the savings statute. *Id.* at ¶ 5. Hamrick appealed.

{¶24} On appeal, the court upheld the dismissal, reasoning that "when Hamrick filed *Hamrick II*, she reaped the benefits of the Ohio Savings Statute, event [sic] though the statute of limitations had been expired for almost three years.  In addition, * * * when *Hamrick III* was filed, the statute of limitations had been expired for almost five years." *Id.* at ¶ 20.  The *Hamrick* court stated that "[t]he savings statute can be used only once, because otherwise, a plaintiff could infinitely refile her action, and effectively eliminate statutes of limitations." *Id.* at ¶ 21; citing *Duncan v. Stephens*, 8th Dist. Cuyahoga No. 83238, 2004-Ohio-2402, ¶ 21.

{¶25} Here, Williamson had already availed himself of Ohio's Savings Statute when he refiled his complaint in 2012.  Thus, it was unavailable to him after the federal court dismissal of his state law claims.  So unless there was another savings statute available to him, such as the thirty-day federal tolling period contained in Section 1367, Title 28, U.S. Code, he could not refile, or as in this case and *Harris, supra,* "reinstate" his case.  As we have discussed, Williamson did not seek to reinstate his state law claims in the state trial court until nine months after the federal court dismissed them, which was well outside the thirty-day tolling period. *See Koslen v. American Red Cross*, 8th Dist. Cuyahoga No. 71733, 1997 WL

547838, *2 ("If the savings statute used [sic] once, the third action relates back to the second action, which was untimely.")

{¶26} Williamson attempted to circumvent the statute of limitations problem by arguing in his memorandum in opposition to the Township's motion for summary judgment, and now on appeal, that the torts of trespass and nuisance were continuing torts and thus, that the statutes of limitations for those claims had not expired. The Township responded by arguing that Williamson had not alleged continuing torts in any of his previously filed complaints or his amended complaint. The record supports the Township's argument and we find that Williamson did not allege continuing torts of trespass and nuisance in the pleadings.

{¶27} As pointed out by the Township, the statutes of limitations for trespass, nuisance and inverse condemnation are all four years. R.C. 2305.09. Thus, all of these statutes of limitations had expired at the time Williamson requested that the state trial court reinstate his claims. Having availed himself once already of Ohio's Savings Statute and having failed to refile his case, or as here, file for reinstatement, within the thirty-day federal tolling period discussed above, Williamson's claims were barred and the trial court lacked jurisdiction to reinstate the case.

{¶28} As such, the trial court erred in denying the Township's motion to dismiss based upon lack of jurisdiction and further acted outside of its authority when it exercised jurisdiction over the matter and rendered summary judgment in favor of the Township on the merits. The court further erred when it held a bench trial on the inverse condemnation claim and rendered judgment in favor of the Township on that claim. In fact, it could be argued that the trial court's decisions on these motions are void. *Borkowski v. Borkowski* at ¶ 19; *Jacobs v. Acacia Chattanooga Vehicle Auction, Inc., et al.*, 10th Dist. Franklin No. 10AP-1071, ¶ 7. Instead, we conclude the trial court should have denied Williamson's motion to reinstate, or at the very least, it should have granted the Township's motion to dismiss for lack of subject matter jurisdiction, and stopped there.

{¶29} This discussion brings us to the question of this Court's jurisdiction over this matter considering that the trial court lacked jurisdiction. The Supreme Court of Ohio has determined that "an appellate court acts properly in reversing a state trial court's judgment where the trial court rendered judgment after the defendant filed his notice of removal with the state trial court pursuant to 28 U.S.C. 1446(d)." *Jacobs, supra,* at ¶ 21; citing *Borkowski v. Abood,* 117 Ohio St.3d 347, 2008-Ohio-857, 884 N.E.2d 7, ¶ 13. The *Jacobs* court further reasoned that "an appellate court retains

jurisdiction in this specific situation to reverse and vacate an entry of the trial court where the trial court purported to act following a properly effected removal to federal court * * *."

{¶30}  In light of the fact that this matter was removed to federal court, was dismissed without prejudice and was not remanded, and that Williamson failed to refile or reinstate his claims within the federal thirty-day tolling period, the trial court was without jurisdiction over the matter. As such, the trial court erred in denying the Township's motion to dismiss based upon lack of jurisdiction.  Further, the trial court's grant of summary judgment and judgment in the Township's favor on the trespass, nuisance and inverse condemnation claims are all void.  Accordingly, the trial court's denial of the motion to dismiss is reversed and its grant of summary judgment and judgment on the trespass, nuisance and inverse condemnation claims are hereby vacated. *Jacobs* at ¶ 22.

**JUDGMENT REVERSED AND VACATED.**

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE REVERSED AND VACATED and that Appellant shall recover costs from Appellees.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Pickaway County Common Pleas Court to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J. & Hoover, J.:  Concur in Judgment Only.


For the Court,


BY:    _____
Matthew W. McFarland, Judge



**NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**