**[Cite as *Vogel v. Northeast Ohio Media Group, L.L.C.*, 2020-Ohio-854.]**

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| | |
|---|---|
| STEVEN VOGEL | C.A. No. 19CA0003-M |
| Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| NORTHEAST OHIO MEDIA GROUP LLC d/b/a/ CLEVELAND.COM, et al. | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO CASE No. 18CIV0232 |
| Appellee | |

DECISION AND JOURNAL ENTRY

Dated: March 9, 2020

HENSAL, Judge.

**{¶1}** Steven Vogel appeals a judgment of the Medina County Court of Common Pleas that granted summary judgment to Northeast Ohio Media Group, LLC, the Plain Dealer Publishing Company, the City of Medina, Tameka Morris, and Susan Nazzaro on his libel, defamation, and false light claims. For the following reasons, this Court affirms.

I.

**{¶2}** Mr. Vogel was the chief building official for the City of Medina. In December 2013, the City fired him for alleged inappropriate behavior. According to Mr. Vogel, Northeast Ohio Media Group and/or the Plain Dealer subsequently published stories about his termination that contained inaccurate, reputation-damaging information that made it difficult for him to find new employment.

**{¶3}** In December 2014, Mr. Vogel sued the City, some of his former co-workers, and the media companies in the Cuyahoga County Court of Common Pleas. He dismissed the action

in 2016. He then brought an action against the same parties in federal court, adding federal claims in addition to his original claims. After the court granted judgment on the pleadings to the defendants on Mr. Vogel's federal claims, it declined to exercise jurisdiction over his state law claims and dismissed them. Thirty days later, Mr. Vogel filed an action in the Medina County Court of Common Pleas, alleging claims of discrimination, hostile work environment, infliction of emotional distress, libel, defamation, and false light invasion of privacy against the same defendants.

{¶4} The media companies moved to dismiss Mr. Vogel's claims against them, arguing that his action was time-barred under the applicable statutes of limitations. The trial court converted their motion into a motion for summary judgment because it relied on documents from the federal court action. The City, Ms. Morris, and Ms. Nazzaro also moved for partial summary judgment on Mr. Vogel's intentional infliction of emotional distress, defamation, and false light claims. After providing the parties an opportunity to supplement their arguments, a magistrate determined that Mr. Vogel's libel, defamation, and false-light claims were time barred. Mr. Vogel objected to the magistrate's decision, but the trial court overruled his objections and granted summary judgment to the media companies and partial summary judgment to the other defendants. Mr. Vogel has appealed, assigning three errors.

II.

ASSIGNMENT OF ERROR I

IN A CASE OF FIRST IMPRESSION POST-*ARTIS*, THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF THE MEDIA DEFENDANTS ON THE BASIS OF THE ONE-YEAR STATUTES OF LIMITATION FOR DEFAMATION / LIBEL CLAIMS CONTRARY TO 28 U.S.C. § 1367(D) AND THE RECENT U.S. SUPREME COURT DECISION IN *ARTIS V. DISTRICT OF COLUMBIA*, 138 S.CT 594, 199 L.ED. 473 (2018).

{¶5}    Mr. Vogel argues that the trial court incorrectly granted summary judgment to the media companies.  Under Civil Rule 56(C), summary judgment is appropriate if:

> [n]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977).  To succeed on a motion for summary judgment, the party moving for summary judgment must first be able to point to evidentiary materials that demonstrate there is no genuine issue as to any material fact, and that it is entitled to judgment as a matter of law.  *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996).  If the movant satisfies this burden, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial."  *Id.* at 293, quoting Civ.R. 56(E).  This Court reviews an award of summary judgment de novo.  *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996).

{¶6}    Mr. Vogel argues that he was allowed under 28 U.S.C. 1367(d) to refile his state law claims in state court after the federal court dismissed those claims.  Section 1367(d) provides:

> The period of limitations for any claim asserted under subsection (a), and for any other claim in the same action that is voluntarily dismissed at the same time as or after the dismissal of the claim under subsection (a), shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period.

28 U.S.C. 1367(d).  Mr. Vogel notes that in *Artis v. District of Columbia*, __ U.S. __, 138 S.Ct. 594 (2018), the United States Supreme Court held that Section 1367(d) operates as a "stop the clock" provision that completely holds a limitations period in abeyance during the pendency of a federal case.  *Id.* at 598.

**{¶7}** The problem with Mr. Vogel's argument is that the limitations period on his libel, defamation, and false-light claims had already expired by the time he filed his federal action. Mr. Vogel acknowledges that those claims have a one-year limitations period. He also acknowledges that the allegedly libelous articles were published in December 2013. Mr. Vogel's claims, therefore, had expired years before he filed his federal action in February 2017.

**{¶8}** Mr. Vogel argues that his claims were not expired because he had the right to refile them within a year of the dismissal of his first state-court action under the Ohio savings statute, Revised Code Section 2305.19. That section provides:

> In any action that is commenced or attempted to be commenced, if in due time a judgment for the plaintiff is reversed or if the plaintiff fails otherwise than upon the merits, the plaintiff or, if the plaintiff dies and the cause of action survives, the plaintiff's representative may commence a new action within one year after the date of the reversal of the judgment or the plaintiff's failure otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later.

R.C. 2305.19(A).

**{¶9}** According to the Ohio Supreme Court, the savings statute "is not a statute of limitations" or "a tolling statute extending the period of a statute of limitations." *Reese v. Ohio State Univ. Hosps.*, 6 Ohio St.3d 162, 163 (1983). Instead, like the example from Georgia law referenced by the United States Supreme Court in *Artis*, it is in the nature of a "grace period" that averts "the risk of a time bar * * * by according the plaintiff a fixed period in which to refile." *Artis*, __ U.S. __, 138 S.Ct. at 602; *see Lewis v. Connor*, 21 Ohio St.3d 1, 4 (1985) ("[Section] 2305.19 has no application unless an action is timely commenced and is then dismissed without prejudice after the applicable statute of limitations has run.").

**{¶10}** By its plain language, 28 U.S.C. 1367(d) only tolls a "period of limitations[.]" Because the one-year limitations on Mr. Vogel's libel, defamation, and false-light claims had

already expired by the time he filed his federal action, there was nothing left for Section 1367(d) to toll during that action.

{¶11} We also note that the savings statute can only be used once. *Thomas v. Freeman*, 79 Ohio St.3d 221, 227 (1997). Mr. Vogel acknowledges in his appellate brief that he used the savings statute to file his claims in federal court. Thus, even if we determined that Section 1367(d) tolled the grace period for refiling an action pursuant to a savings statute, Mr. Vogel had already exhausted his use of the savings statute before he filed the instant action in state court.

{¶12} Mr. Vogel also argues that Section 1367(d) afforded him the opportunity to refile his state law claims in state court within 30 days after the federal court dismissed them. The "30 days" language in Section 1367(d), however, merely refers to the length of time that is tolled when tolling applies under that section. The length of time that is tolled is, at the minimum, the entire time that the case is pending in federal court plus 30 days after its dismissal. 28 U.S.C. 1367(d). The "30 days" language does not grant a plaintiff any additional rights, it is only part of the description of the length of the tolling period if tolling applies.

{¶13} The dissent argues that Mr. Vogel's action is timely because the complaint he filed in federal court "related back" to the date on which he filed his original complaint in state court, citing *Frysinger v. Leech*, 32 Ohio St.3d 38, 42 (1987). In *Frysinger*, the Ohio Supreme Court stated that, if Section 2305.19 applies, "the date for filing the new action relates back to the filing date for the preceding action for limitations purposes." *Id*. at 42. That statement does not control the current action, however, because it was dicta and the Ohio Supreme Court has since described the way Section 2305.19 operates differently. *International Periodical Distribs. v. Bizmart, Inc.*, 95 Ohio St.3d 452, 2002-Ohio-2488, ¶ 7 ("Savings statutes operate to give a plaintiff a limited period of time in which to refile a dismissed claim that would otherwise be

time-barred."). The description in *Bizmart* is more consistent with the text of Section 2305.19(A), which provides that, if a claim has failed otherwise than on the merits, the plaintiff "may commence a new action with one year after" the prior dismissal. Furthermore, we note that Section 2305.19 has been substantially amended since *Frysinger* was issued in 1987.

{¶14} The dissent also relies on *Antoon v. Cleveland Clinic Foundation*, 148 Ohio St.3d 483, 2016-Ohio-7432, *Harris v. O'Brien*, 8th Dist. Cuyahoga Nos. 86218, 86323, 2006-Ohio-109, and *Williamson v. Scioto Township Trustees*, 4th Dist. Pickaway No. 16CA5, 2017-Ohio-1099. *Antoon* did not reach the issue of whether Section 1367(d) would toll the Antoons' state-law claims because those claims were never pending in federal court. *Antoon* at ¶ 32. Similarly, *Harris* and *Williamson* did not have to reach the issue of whether Section 1367(d) tolled the plaintiffs' claims because, even if it did, the plaintiffs in those cases waited well beyond 30 days to attempt to reinstate their claims. *Harris* at ¶ 16; *Williamson* at ¶ 25. Any suggestion in *Harris* or *Williamson* that Section 1367(d) might have applied is not persuasive in light of the fact that those courts did not undertake anything more than a cursory examination of the language of Section 1367(d).

{¶15} The result of this decision is undoubtedly harsh to Mr. Vogel. We may not modify the language of state and federal statutes, however, to provide him an opportunity to pursue his state law claims. *Cleveland Elec. Illuminating Co. v. Cleveland*, 37 Ohio St.3d 50 (1988), paragraph three of the syllabus. Upon review of the record, we conclude that Mr. Vogel's federal action must be deemed to have been filed on the date that it actually was filed, which was after the expiration of the statute of limitations period of his claims. Accordingly, there was no "period of limitations" time for Section 1367(d) to toll during the pendency of that action. We, therefore, conclude that the trial court correctly granted summary judgment to the

media companies on Mr. Vogel's libel, defamation, and false-light claims because they were time-barred. Mr. Vogel's first assignment of error is overruled.

ASSIGNMENT OF ERROR II

IN A CASE OF FIRST IMPRESSION POST-*ARTIS*, THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF THE CITY OF MEDINA DEFENDANTS ON THE BASIS OF THE ONE-YEAR STATUTES OF LIMITATION FOR DEFAMATION / LIBEL CLAIMS CONTRARY TO 28 U.S.C. § 1367(D) AND THE RECENT U.S. SUPREME COURT DECISION IN *ARTIS V. DISTRICT OF COLUMBIA*, 138 S.CT 594, 199 L.ED. 473 (2018).

{¶16} Mr. Vogel next argues that the trial court incorrectly granted summary judgment to the City and his former co-workers. Instead of providing a substantive argument in support of his assignment of error, Mr. Vogel attempts to incorporate the arguments he made in support of his first assignment of error. As this Court has explained, however, "a party may not incorporate the arguments contained in * * * other assignments of error to support a different assignment of error" because it "improperly asks this Court to extrapolate and apply its argument in a prior assignment of error." *State ex rel. Midview Local School Dist. Bd. of Edn. v. Ohio School Facilities Comm.*, 9th Dist. Lorain No. 16CA010991, 2017-Ohio-6928, ¶ 29. "This approach also fails to satisfy the requirements that an appellant set forth a separate argument for each assignment of error." *Id.*, citing App.R. 12(A)(2) and App.R. 16(A)(7). We, therefore, decline to address Mr. Vogel's second assignment of error. App.R. 12(A)(2).

ASSIGNMENT OF ERROR III

THE TRIAL COURT'S INTERPRETATION OF *ARTIS* RESULTS IN UNFAIR AND DISCRIMINATORY TREATMENT OF OHIO PLAINTIFFS IN FEDERAL COURT BASED ON THE RELATIVE LENGTHS OF THE STATUTES OF LIMITATION OF THE ASSERTED CLAIMS, WHICH IS DIRECTLY CONTRARY TO THE PURPOSE FOR 28 U.S.C. § 1367(D).

{¶17} Mr. Vogel also argues that the trial court's interpretation of the Ohio savings statute and 28 U.S.C. 1367(d) unfairly penalizes plaintiffs who refile their claims in federal court. He notes that the purpose of Section 1367(d) is to provide plaintiffs an opportunity to have their state law claims heard if the federal court declines to exercise supplemental jurisdiction over those claims. The trial court's interpretation, however, leaves plaintiffs with no remedy for their state law claims if they chose to refile under the savings statute in federal court instead of state court. He argues that is contrary to the meaning and spirit of 28 U.S.C. 1367(d) and the *Artis* decision. He also argues that, from a practical standpoint, it is highly unlikely that a plaintiff could file a claim in state court, dismiss it, and refile in federal court all within the initial one-year limitations period. Mr. Vogel argues that a plaintiff should not be forced to risk losing his state claims if he wants to file a federal action under the savings statute.

{¶18} The Ohio Supreme Court has held that the savings statute "is a remedial statute and is to be given a liberal construction to permit the decision of cases upon their merits rather than upon mere technicalities of procedure." *Cero Realty Corp. v. American Mfrs. Mut. Ins. Co.*, 171 Ohio St. 82 (1960), paragraph one of the syllabus. It is not the province of this Court, however, to make policy decisions or place words in statutes that were not placed there by the General Assembly or Congress. *Ohio Neighborhood Fin., Inc. v. Scott*, 139 Ohio St.3d 536, 2014-Ohio-2440, ¶ 38; *Coleman v. Portage Cty. Engineer*, 133 Ohio St.3d 28, 2012-Ohio-3881, ¶ 23. Upon review of Section 2305.19 and 28 U.S.C. 1367(d), we conclude that there is no language in those statutes that can be construed to allow a plaintiff who files an otherwise untimely action in federal court pursuant to Ohio's savings statute to file a new action in state court after the federal court dismisses the plaintiff's state-law claims. Mr. Vogel's third assignment of error is overruled.

III.

**{¶19}** Mr. Vogel's assignments of error are overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

CALLAHAN, P. J.
CONCURS.

CARR, J.
DISSENTING.

{¶20} I respectfully dissent from the judgment of the majority as I would sustain Mr. Vogel's first assignment of error.

{¶21} The record establishes that Mr. Vogel filed his initial complaint in the Cuyahoga County Court of Common Pleas on December 4, 2014. It does not appear to be disputed that that filing was within the statute of limitations period for the libel and defamation claims at issue in this appeal.

{¶22} Mr. Vogel voluntarily dismissed his complaint pursuant to Civ.R. 41(A)(1)(a) in February 2016. There also appears to be no dispute that on February 9, 2017, Mr. Vogel validly used the savings statute found in R.C. 2305.19 to refile his action in federal court. The parties also are in agreement that the federal court granted judgment on the pleadings with respect to Mr. Vogel's federal claims on January 31, 2018 and dismissed his remaining state law claims without prejudice on February 5, 2018. Mr. Vogel filed the instant action on March 7, 2018, 30 days after the federal court dismissed his remaining state law claims.

{¶23} 28 U.S.C. 1367(d) states:

The period of limitations for any claim asserted under subsection (a), and for any other claim in the same action that is voluntarily dismissed at the same time as or after the dismissal of the claim under subsection (a), shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period.

{¶24} Mr. Vogel argues that, given the circumstances before us, and the language in 28 U.S.C. 1367(d), the defamation and libel claims were timely filed. The majority disagrees. The majority asserts that the limitations period on the libel and defamation claims expired by the time Mr. Vogel filed the federal action and that, because R.C. 2305.19 is not a statute of limitations or a tolling statute, 28 U.S.C. 1367(d), did not grant Mr. Vogel any time to refile his action.

{¶25} However, I disagree because when Mr. Vogel validly utilized the savings statute to refile his action in federal court, for purposes of the statute of limitations, Mr. Vogel's federal complaint related back to the filing of his original complaint. *See Frysinger v. Leech,* 32 Ohio St.3d 38, 42 (1987) ("Where R.C. 2305.19 applies, the date for filing the new action relates back to the filing date for the preceding action for limitations purposes.").

{¶26} Moreover, while the Supreme Court may not have subsequently relied on *Frysinger*, the view that Mr. Vogel's action was timely filed is supported by recent language from the Ohio Supreme Court. In *Antoon v. Cleveland Clinic Found.*, 148 Ohio St.3d 483, 2016-Ohio-7432, ¶ 32, the Supreme Court noted that 28 U.S.C. 1367 applies to state-law claims over which a federal court has exercised supplemental jurisdiction. *Id.* at ¶ 32. In ruling against the Antoons, the Supreme Court observed that the Antoons' claims were never pending in federal court, and, therefore, the tolling statute did not apply. *Id.* The Supreme Court concluded that the Antoons' malpractice claims were never pending in federal court because "the district court denied the Antoons leave to amend their complaint a second time and the medical-malpractice claims were not raised in the original or first amended complaints[; thus,] the federal court never had supplemental jurisdiction over those claims." *Id.* at ¶ 32, fn. 3. Here, while the federal court ultimately dismissed Mr. Vogel's state-law claims, they were nonetheless pending in federal court prior to their dismissal. *See id.* Nothing in the Supreme Court's opinion suggests that, given the facts before us, Mr. Vogel would not be permitted to benefit from 28 U.S.C. 1367(d). This view is also supported by other decisions of courts of appeals. *See Harris v. O'Brien*, 8th Dist. Cuyahoga Nos. 86218, 86323, 2006-Ohio-109, ¶ 14-16; *Williamson v. Scioto Twp. Trustees*, 4th Dist. Pickaway No. 16CA5, 2017-Ohio-1099, ¶ 25.

{¶27} In *Harris*, the appellant timely filed his first action in state court and then later voluntarily dismissed it. *See Harris* at ¶ 14. He then timely refiled the action in state court using the savings statute and that action was later removed to federal court. *See id.* at ¶ 14-15. The federal court dismissed appellant's state-law claims without prejudice. *See id.* at ¶ 15. "When the federal court dismissed Harris' state law claims without prejudice on February 13, 2004, the statute of limitations for those claims were tolled an additional 30 days. In other words, pursuant to federal law, Harris had until March 14, 2004 to refile his claims, unless Ohio law tolled the statute of limitations longer." *Id.* at ¶ 11. Because the appellant waited almost six months before filing the third action in state court, the Eighth District determined that he filed outside the 30-day time period provided in 28 U.S.C. 1367(d). *See id.* at ¶ 16. Notably, the court did not determine that the statute did not apply.

{¶28} The *Williamson* court found *Harris* to "both instructive and persuasive." *Williamson* at ¶ 18. "Much like Harris, Williamson filed an initial lawsuit in state court that was dismissed and then refiled within one year pursuant to the Ohio Savings Statute. Thus, when his state claims were dismissed for a second time by the federal court, Williamson, having already utilized the Ohio Savings Statute, could only avail himself of the additional thirty-day federal tolling period provided by Section 1367, Title 28, U.S. Code." *Id.* After the federal court dismissed his state-law claims, the appellant did not refile his action until nine months later. *Id.* at ¶ 25. "Because he waited nine months to either refile his claim or request that the state court 'reinstate' his claims, just as in *Harris*, the statutes of limitations had expired." *Id.* at ¶ 19. "[O]f importance is the fact that the federal court did not remand the matter back to the state court. Absent a remand order, in our view Williamson would have had to refile, not reinstate, his claims in the state court, and would have had to do it within thirty days in light of the fact he had

already used the Ohio Savings Statute once." *Id.* Thus, the Fourth District likewise concluded that the appellant's third action was also untimely as it was not filed within the 30-day period provided by the federal statute. *See id.* at ¶ 25.

{¶29} The facts before this Court are unlike those of either *Harris* or *Williamson* as Mr. Vogel refiled his action within the 30-day time period stated in 28 U.S.C. 1367(d). Therefore, Mr. Vogel's action should have been determined to be timely.

{¶30} In my opinion, concluding Mr. Vogel's action was timely filed also is supported by the policies underlying both R.C. 2305.19 and 28 U.S.C. 1367(d). As a remedial statute, R.C. 2305.19 "should be given a liberal construction to permit the decision of cases upon their merits rather than upon mere technicalities of procedure." *Cero Realty Corp. v. Am. Mfrs. Mut. Ins. Co.*, 171 Ohio St. 82, 85 (1960). Further, the United States Supreme Court has concluded that 28 U.S.C. 1367(d) is conducive to the due administration of justice in federal court. *Jinks v. Richland Cty., S.C.*, 538 U.S. 456, 462 (2003).

> Section 1367(d) is conducive to the administration of justice because it provides an alternative to the unsatisfactory options that federal judges faced when they decided whether to retain jurisdiction over supplemental state-law claims that might be time barred in state court. In the pre- § 1367(d) world, they had three basic choices: First, they could condition dismissal of the state-law claim on the defendant's waiver of any statute-of-limitations defense in state court. That waiver could be refused, however, in which case one of the remaining two choices would have to be pursued. Second, they could retain jurisdiction over the state-law claim even though it would more appropriately be heard in state court. That would produce an obvious frustration of statutory policy. And third, they could dismiss the state-law claim but allow the plaintiff to reopen the federal case if the state court later held the claim to be time barred. That was obviously inefficient. By providing a straightforward tolling rule in place of this regime, § 1367(d) unquestionably promotes fair and efficient operation of the federal courts and is therefore conducive to the administration of justice.
>
> And it is conducive to the administration of justice for another reason: It eliminates a serious impediment to access to the federal courts on the part of plaintiffs pursuing federal–and state-law claims that derive from a common nucleus of operative fact. Prior to enactment of § 1367(d), they had the following

unattractive options: (1) They could file a single federal-court action, which would run the risk that the federal court would dismiss the state-law claims after the limitations period had expired; (2) they could file a single state-law action, which would abandon their right to a federal forum; (3) they could file separate, timely actions in federal and state court and ask that the state-court litigation be stayed pending resolution of the federal case, which would increase litigation costs with no guarantee that the state court would oblige. Section 1367(d) replaces this selection of inadequate choices with the assurance that state-law claims asserted under § 1367(a) will not become time barred while pending in federal court.

(Internal quotations and citations omitted.) *Jinks* at 462-464.

{¶31} Given all of the foregoing, I respectfully dissent from the judgment of the majority.

APPEARANCES:

NATALIE F. GRUBB and MARK E. OWENS, Attorneys at Law, for Appellant.

GREGORY A. BECK, MEL L. LUTE, and DANIEL D. EISENBREI, Attorneys at Law, for Appellee.

MARK K. FARRELL and DANIEL M. KAVOURAS, Attorneys at Law, for Appellee.